## In re CIGAR STORES REALTY HOLDINGS, Inc.

### No. 309.

Circuit Court of Appeals, Second Circuit.

March 19, 1934.

Louis Winer, of New York City (Ludwig M. Wilson, of New York City, of counsel), for petitioner-appellant.

Cravath, De Gersdorff, Swaine & Wood, of New York City (Wm. D. Whitney and R. L. Gilpatric, both of New York City, of counsel), for Irving Trust Company, Trustee in Bankruptcy of Cigar Stores Realty Holdings, Inc.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The Commonwealth Trust Company of Pittsburgh, Pa., held the title to a mortgage on certain real estate in Pittsburgh of which the bankrupt owned the fee. The petition in bankruptcy was filed August 29, 1932. Between that date and December 1, 1932, the trustee in bankruptcy collected rent from tenants. The petitioner is now claiming these rents and seeking an order to establish its right to them. On the latter date the petitioner asserted defaults under the mortgage and so advised the trustee together with its intention to take possession of the property under its mortgage. It did then enter and take possession. On January 6, 1933, it was granted leave to foreclose its mortgage in the common pleas court of Allegheny county. On January 7, 1933, a special meeting of creditors was held before the referee in bankrupt-

cy at which the interest of the trustee in fifteen parcels of real estate in several states was sold. Among them was the real estate covered by the petitioner's mortgage. The terms of sale provided that the trustee would assign to the purchaser without recourse or warranty all rentals accrued and unpaid after September 1, 1932, and "all rentals, deposits or other securities, paid in advance or otherwise," were to be retained by the trustee.

At the time and place named in the notice, the property covered by the petitioner's mortgage was offered for sale in accordance with the terms above set forth. A bid was made by one Collins and accepted. It was to pay $50 for the property "subject to all mortgages, instalments on mortgages, interest charges on mortgages, in each case whether now due or hereafter to become due and payable, all other liens, orders and notices whether of record or otherwise, restrictions, encroachments, encumbrances, pending proceedings, decrees, existing leases and/or subleases and/or tenancies and changes therein between the date hereof and the time of sale, agreements with attorneys for reduction of assessed valuations of these parcels (which agreements the Purchaser must assume), inaccuracies of any and all kinds, and any and all other claims, obligations and charges against said parcels of real estate."

The petitioner relies on the right of a mortgagee to these rents, under the law as applied in the Third circuit, as against the trustee in bankruptcy even before taking any action to assert its rights to the property under the mortgage. See Associated Co. v. Greenhut (C. C. A.) 66 F.(2d) 428. We need not here point out how our own rule differs in this respect. See New York Trust Co. v. Island Oil & Transport Corporation (C. C. A.) 34 F.(2d) 649; In re Brose (C. C. A.) 254 F. 664. In any event, a condition precedent to the right of the mortgagee to rents collected is proof of a deficiency. Associated Co. v. Greenhut, supra; Primeau v. Granfield (C. C.) 184 F. 480, 486. There is none here. And a mortgagee must account for rents received. Matthews v. Memphis, etc., R. R. Co., 108 U. S. 368, 2 S. Ct. 780, 27 L. Ed. 756. The fact that the property was sold for $50 in excess of all liens and charges of every nature indicates no deficiency and so no right to retain rents anyway on an accounting.

The trial court took the purchaser to be the agent for the petitioner, and as such bound by the terms of the sale to the effect that these rents should be kept by the trustee. There was some reason in the record for this,

but we do not rely upon it. If he was the agent, the petitioner is bound by the terms of the sale to be sure; but, even if the purchaser was a stranger, the order was right because the petitioner has not shown that the mortgaged property was worth less than the mortgage indebtedness. The appraised value in bankruptcy was less, but the District Court correctly treated that as inaccurate in view of what the property brought when sold.

Order affirmed.