FLORIDA NAT. BANK OF JACKSON-
VILLE v. UNITED STATES et al.

No. 8261.

Circuit Court of Appeals, Fifth Circuit.

Jan. 27, 1937.

Wm. H. Rogers and Paul Ritter, both of Jacksonville, Fla., for appellant.

Helen R. Carloss, Sp. Asst. to the Atty. Gen., Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Harry G. Taylor, Sp. Asst. to the U. S. Atty., of Miami, Fla., for appellees.

Before FOSTER, SIBLEY and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant, Florida National Bank of Jacksonville, is trustee in a bond mortgage on a hotel which provided that in the event of the appointment of a receiver or a taking possession by the trustee the rents, issues, and profits should be a part of the mortgaged property and covered by the mortgage. Following a default, the trustee obtained a decree of foreclosure in a state court and a sale was advertised for October 7, 1935. On October 1, 1935, a proceeding for reorganization in bankruptcy was filed under Bankr. Act § 77B as amended (11 U.S.C.A. § 207), and a stay order applied for to stop the sale. The mortgage trustee opposed the stay and prayed that should it be granted, the income of the mortgaged property be sequestered for application to the mortgage debt, the debt being far greater than the value of the property. The stay was granted and a trustee in bankruptcy appointed, who operated the hotel for the corporate debtor until June 30, 1936, when a final decree was entered dismissing the bankruptcy and returning the property to the debtor, dissolving the stay order, providing for payment of fees and expenses out of the moneys in the hands of the bankruptcy trustee arising from the operation of the hotel, setting apart $1,000 to be used as a revolving fund to continue operation by the debtor but adjudged to be subject to the lien of the mortgage, and ordering that the remainder be paid over to the mortgage trustee. Jurisdiction was retained to settle any exceptions to the final report of the trustee in bankruptcy. The final report showed an ultimate balance payable under the decree to the mortgage trustee of $2,498, but that income taxes of the debtor for 1934 and 1935 due the United States remained unpaid in an aggregate sum of $2,047. The District Judge ordered these taxes paid, and the balance of $451 only to be paid to the mortgage trustee. This last order is now under review.

The appointment of the bankruptcy trustee to operate the hotel pending the proceedings was in effect a receivership, and the final decree dismissing the proceeding rightly adjudged that the net profits of the operation be paid to the mortgage trustee as falling under the mortgage. But the mortgage trustee was entitled only to net profits. Taxes on income which accrued and became payable during the receivership were properly an expense of operation and ought to be paid out of the fund. Such were the taxes for 1935 which became payable March 15, 1936. The income taxes for 1934 arose because of income earned before the receivership and became payable before it began, and were merely an outstanding indebtedness without lien. The court was dismissing the bankruptcy proceedings, and was not paying claims against the debtor but only the expenses of its receivership. The taxes of 1934 ought to have been ignored. We cannot tell from the record how much the taxes for 1935 are. We accordingly reverse the judgment, with direction that the taxes for 1935 only be ascertained and paid, and the remainder of the fund be delivered to the mortgage trustee.