## CENTRAL HANOVER BANK & TRUST CO. v. PHILADELPHIA & READING COAL & IRON CO. et al.

### No. 6646.

Circuit Court of Appeals, Third Circuit.

Oct. 14, 1938.

Thomas W. Reath, of Philadelphia, Pa., Larkin, Rathbone & Perry, of New York City, and Dechert, Smith & Clark, of Philadelphia, Pa. (Frank H. Heiss, of New York City, and Geoffrey S. Smith, of Philadelphia, Pa., of counsel), for appellant.

Knox Henderson, Allen Hunter White, and Frederic L. Ballard, all of Philadelphia, Pa. (Ballard, Spahr, Andrews & Ingersoll, of Philadelphia, Pa., of counsel), for appellees Schofield Andrews, Reid Kennedy, George A. Barnewall, William F. Walsh, and Cornelius A. Sullivan, as and constituting Protective Committee for Holders of Philadelphia & Reading Coal & Iron Co. Twenty-Year Convertible 6% Debenture Bonds.

E. R. von Starck and W. James MacIntosh, of Philadelphia, Pa. (Penrose Hertzler, of Pottsville, Pa., and Morgan, Lewis & Bockius, of Philadelphia, Pa., of counsel) for appellee Philadelphia & Reading Coal & Iron Co.

Percival E. Jackson, of New York City, and David Bortin, of Philadelphia, Pa., for intervener-appellee.

Before DAVIS, MARIS, and BUFFINGTON, Circuit Judges.

MARIS, Circuit Judge.

On February 26, 1937, the Philadelphia and Reading Coal and Iron Company (hereinafter called the Debtor) filed in the District Court for the Eastern District of Pennsylvania its petition for reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. On the same date its petition was approved by the court which by a decree then entered continued the Debtor in possession of its properties and enjoined the enforcement of any liens or claims against them.

On March 22, 1937, the appellant, Central Hanover Bank and Trust Company, which is the trustee under a mortgage covering substantially all the properties of the Debtor given to secure an issue of Refunding Mortgage 5% Sinking Fund Gold Bonds outstanding in the amount of $24,411,822.66, filed a petition in the reorganization proceeding praying that it be permitted to intervene generally in the proceeding and that the Debtor be directed to sequester and impound for the benefit of the holders of the Refunding Mortgage Bonds all the income arising out of the mortgaged property after February 26, 1937. The petition contained the allegation that the approval of the Debtor's petition for reorganization and its continuance in possession of its properties under the decree of February 26, 1937, was the equivalent of the appointment of a receiver and, therefore, constituted an event of default under the mortgage which entitled the petitioner to the relief prayed for. To this petition an answer was filed by a committee of holders of debentures of the Debtor and the petition and answer were referred by the District Court to a special master who, after hearing, recommended that the petition be dismissed.

Thereafter on September 2, 1937, the appellant filed a second petition praying for similar relief based upon the allegation that a second event of default had occurred under the mortgage in that the Debtor had failed to pay the installment of interest due on the Refunding Mortgage Bonds on July 1, 1937, and that the default had continued for a period of sixty days.

Exceptions were filed by the appellant to the report of the special master upon the first petition and these exceptions together with the second petition were heard by the District Court which subsequently dismissed the exceptions to the master's re-

port and entered orders denying both petitions. From these orders the present appeal was taken to this court.

The first question raised upon the appeal is whether the court below erred in refusing appellant's petitions for leave to intervene generally as a party in the reorganization proceeding. This brings us to a consideration of some of the circumstances under which intervention may be allowed in reorganization proceedings under the Bankruptcy Act. Subdivision (c) of Section 77B, 11 U.S.C.A. § 207 (c), contains the following provisions: "The debtor shall have the right to be heard on all questions. Any creditor or stockholder shall have the right to be heard on the question of the permanent appointment of any trustee or trustees, and on the proposed confirmation of any reorganization plan, and upon filing a petition for leave to intervene, on such other questions arising in the proceeding as the judge shall determine." By the amending Chandler Act of June 22, 1938, Section 77B of the Bankruptcy Act was superseded by Chapter 10 on September 22, 1938, 11 U.S.C.A. § 501 et seq. Chapter 10 applies not only to all reorganization proceedings commenced after its adoption but also to those previously commenced under Section 77B to the extent that its provisions are deemed by the court to be practicably applicable. It contains in Sections 206 and 207, 11 U.S.C.A. §§ 606, 607 the following provisions: "The debtor, the indenture trustees, and any creditor or stockholder of the debtor shall have the right to be heard on all matters arising in a proceeding under this chapter. * * *. The judge may for cause shown permit a party in interest to intervene generally or with respect to any specified matter. * * *" Chapter 10 contains in Section 213, 11 U.S.C.A. § 613, the further provision that "* * * an agent, indenture trustee or committee, purporting to represent creditors or stockholders, shall not be heard or allowed to intervene in a proceeding under this chapter until such person or persons shall have satisfied the court that they have complied with all applicable laws regulating the activities and personnel of such persons."

It will thus be seen that both Section 77B and Chapter 10 contemplate the allowance of intervention by creditors and stockholders in the discretion of the court. Chapter 10 makes clear what was implied by Section 77B, namely, that representatives of creditors and stockholders, such as indenture trustees and committees, may also be permitted to intervene in their behalf in the court's discretion. In Steere v. Baldwin Locomotive Works, 3 Cir., 98 F.2d 889, we recently had occasion to point out the manner in which that discretion should be exercised so as to secure the assistance in reorganization proceedings of properly qualified committees representing all classes of creditors and stockholders whose numbers are large but whose individual interests are relatively small. What we said in that case which arose under Section 77B, 11 U.S.C.A. § 207, is, we think, equally applicable to proceedings carried on under Chapter 10, 11 U.S.C.A. § 501 et seq., although in the latter proceedings the District Court will have to take into consideration the additional requirements imposed by Chapter 10 particularly those contained in Sections 211 and 213, 11 U.S.C.A. §§ 611, 613.

We think it clear that creditors and stockholders whose individual interests are relatively small and who are adequately represented by a committee should not be permitted to intervene individually. Individual creditors or stockholders who are not represented otherwise and whose interests are relatively large and likely to be affected to a substantial degree by such intermediate steps as may be taken during the course of the proceeding are in a different situation, however. They should, we think, ordinarily be granted leave to intervene as parties entitled to participate generally in the proceeding if they request it. The same rule should be followed in the case of indenture trustees, such as the appellant in this case, who, as the legal representatives of bondholders, have a definite and usually very substantial interest in reorganization proceedings which fully justifies their intervention as parties. The interest of an indenture trustee, as we have seen, is expressly recognized by Chapter 10. Its interest in the proceeding is quite distinct from that of a committee representing the bondholders for whom it is trustee, however, and the intervention of a committee should therefore be permitted in a proper case without regard to the fact that the trustee may also have intervened.

In the case before us the appellant is the trustee under a mortgage which is a lien upon substantially all the Debtor's property and secures an issue of over

$24,000,000.00 of bonds. As such it is the legal representative of a very large number of creditors whose individual interests are relatively very small but whose aggregate claim against the Debtor's estate is very large. We think that it should have been permitted to intervene generally as a party in the reorganization proceeding and that the court below abused its discretion in refusing it leave to do so.

The appellant also complains of the refusal of the court below to direct that the net income derived from the mortgaged property be sequestered and impounded by the Debtor for the benefit of the holders of the Refunding Mortgage Bonds. It contends that it was entitled to the decree sought in order to protect the bondholders' title to the income. The Debtor and the representatives of unsecured creditors strongly urge that such an order would defeat the purposes of Section 77B, 11 U.S.C.A. § 207, and render a reorganization of the Debtor under that section impossible.

The underlying purpose of Section 77B was to maintain the status quo of the debtor pending a reasonable opportunity to reorganize its financial structure with the consent of the requisite majorities of creditors and stockholders. The section clearly contemplated that the court would stay adverse action by secured creditors until a reasonable opportunity had been afforded the debtor to submit a plan of reorganization for approval or rejection. Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Island & P. Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110; In re Prudence Bonds Corporation, 2 Cir., 75 F.2d 262. The sequestration of substantially all the Debtor's current income would undoubtedly so impede its operation as a going concern as to render well nigh impossible its reorganization as such. Consequently it was entirely proper for the court below to refuse to order the physical sequestration and impounding by the Debtor for the benefit of the bondholders of the income of the mortgaged property. It is clear that the court in so doing did not deprive the appellant or the bondholders it represents of their property without due process of law in violation of the fifth amendment. Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Island & P. Ry. Co., supra; Wright v. Vinton Branch, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455.

It was suggested at the argument, however, that all the appellant really seeks is a decree fixing its right to the net income of the mortgaged property received during the pendency of the reorganization proceeding and remaining in the hands of the Debtor in case reorganization fails and liquidation is ordered. For this purpose, however, an adjudication by the court below was unnecessary.

It is settled in this circuit that in a bankruptcy proceeding a mortgage creditor is entitled without prior demand to the net income of the mortgaged property from the date of adjudication if it is needed to pay the amount due him. In re Torchia, 3 Cir., 188 F. 207; Bindseil v. Liberty Trust Co., 3 Cir., 248 F. 112; Associated Co. v. Greenhut, 3 Cir., 66 F.2d 428. This is because the bankruptcy proceeding has taken from the Debtor the possession of his property and in so doing has deprived the mortgage creditor of his ordinary remedy to reach the property mortgaged and its income. It, therefore, follows upon equitable principles, as Judge Woolley pointed out in Bindseil v. Liberty Trust Co., supra, page 114, "that after insolvency has taken the debtor's property out of his hands, its income or product belongs to the lien creditor, who has thus become its virtual owner; and that such income or product issuing from mortgaged property, should not be diverted from the mortgage creditor who has a lien to general creditors who have no lien." The right of the mortgage creditor, however, attaches only to the net income remaining after payment of proper administration expenses, operating expenses and taxes, as allowed by the Bankruptcy Court. Petersburg Sav. & Ins. Co. v. Dellatorre, 5 Cir., 70 F. 643; Florida Nat. Bank of Jacksonville v. United States, 5 Cir., 87 F.2d 896.

An analogous situation arises in a reorganization proceeding under Section 77B, 11 U.S.C.A. § 207 where after the approval of the debtor's petition its property comes into the custody of the law and its mortgage creditors are enjoined from pursuing their normal remedies. This is the case even though the debtor is continued by the court in possession of its property since under these circumstances, by the express terms of subdivision (c) of Section 77B, 11 U.S.C.A. § 207 (c), as well as of Section 188 of Chapter 10, 11 U.S.C.A. § 588, it has the powers and

**646**

duties of a trustee and is subject at all times to the control of the court. It follows upon the equitable principles to which we have referred that a mortgage creditor in a reorganization proceeding becomes entitled to the net income of the mortgaged property, to the extent required to satisfy his claim, without the necessity of any demand on his part or adjudication by the court. Consequently in the present case the appellant as trustee became entitled to the net income of the mortgaged property from February 26, 1937, the date the court approved the Debtor's petition, which was also the date the Debtor's property came into the custody of the law and likewise the date which, under the provisions of subdivision (k) of Section 77B, 11 U.S.C.A. § 207(k) and Sections 102 and 200 of Chapter 10, 11 U.S.C.A. §§ 502, 600 corresponded to the date of adjudication in an ordinary bankruptcy proceeding.

The orders of the court below are reversed insofar as they deny the appellant leave to intervene. In all other respects they are affirmed.