## In re PITTSBURGH TERMINAL WAREHOUSE & TRANSFER CO.

### No. 21464.

District Court, W. D. Pennsylvania.

March 8, 1945.

112

Ella Graubart and Patterson, Crawford, Arensberg & Dunn, all of Pittsburgh, Pa., for mortgage trustee.

Lee W. Eckels and Lewis M. Alpern, both of Pittsburgh, Pa., for reorganization trustees.

Frederick E. Milligan and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for Bondholders' Protective Committee.

SCHOONMAKER, District Judge.

On December 10, 1943, debtor filed a petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The proceedings had progressed so far that on November 30, 1944, the Court ordered the disinterested trustee to file a plan of reorganization, which was done on January 31, 1945.

This proposed plan provided, inter alia, either for a sale of the warehouse property at an upset price of $500,000, as fixed by order of Court on January 15, 1945, or a transfer of the property to a new corporation capitalized at $600,000, the stock to be distributed among the bondholders. A hearing on this plan was originally fixed for February 28, 1945, but was adjourned to March 16, 1945, because, on January 26, 1945, the Peoples-Pittsburgh Trust Company, indenture trustee under a mortgage on the warehouse property, securing an outstanding bond issue of $2,000,000, filed a petition for leave to foreclose this mortgage.

We set February 28, 1945, for a hearing on this petition for leave to foreclose. On February 27, 1945, the Bondholders' Protective Committee, representing about $1,600,000, filed an answer joining in the prayer of the petition. The trustees of debtor filed an answer opposing the prayer of the petition.

■ In our opinion, the matter of granting permission to foreclose this mortgage outside the bankruptcy court and without regard to any plan of reorganization is within the discretion of this Court. See Central States Life Insurance Co. v. Koplar, 8 Cir., 80 F.2d 754; Hoehn v. McIntosh, 6 Cir., 110 F.2d 199; Central Hanover Bank v. Philadelphia & Reading Coal & Iron Co., 3 Cir., 99 F.2d 642; Continental Illinois Bank & Trust Co. v. Chicago, Rock Island & Pacific R. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110.

■ It seems to us that this petition of the mortgage trustees for leave to foreclose is premature. It is our view that we should proceed with a hearing on the plans proposed, and determine by vote of the mortgage bondholders whether or not either plan is acceptable to them. If it is, we arrive quickly at the same result as would be accomplished by granting leave to foreclose this mortgage. If it is not acceptable to them, we could then properly grant them leave to foreclose.

An order may be submitted accordingly by counsel for the trustees on notice to counsel for the bondholders.