John G. GROVES, Trustee of the Estate
of Park Terrace, Bankrupt, Appellant,

v.

FRESNO GUARANTEE SAVINGS AND
LOAN ASSOCIATION, Appellee.

No. 20581.

United States Court of Appeals
Ninth Circuit.

Feb. 27, 1967.

William T. Richert, Fullerton, Lang, & Richert, Fresno, Cal., for appellant.

John F. Runner, Kimble, MacMichael & Runner, Fresno, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and McNICHOLS, District Judge.

DUNIWAY, Circuit Judge:

Appeal from an order of the district court, sitting in bankruptcy.

On September 30, 1964, Park Terrace, a copartnership, filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. Its principal asset was an apartment house in Fresno. It was appointed debtor in possession and authorized to operate the apartment house. The property was subject to a first deed of trust dated October 1, 1963, in favor of appellee, which contained a clause giving it the right, upon default, to collect the rents.[1]

1. "(5) As additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues, and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues, and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in its own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable

On October 2, 1964, the debtor filed a petition in which it alleged that appellee had filed notice of default and sought an order establishing the nature and extent of appellee's lien, and enjoining it from, among other things, collecting the rents. An order to show cause was issued by the referee, setting the matter for hearing on October 12, 1964, and in the meantime enjoining enforcement of the lien, including collection of the rents. On October 5, the District Judge, ex parte, and on petition of appellee, modified the restraining order by adding the following proviso:

"*  *  *  provided, however, that pending the hearing and determination of this Order to Show Cause said respondent [appellee] and its officers, agents and employees may continue in possession and management of said premises and may continue collecting rentals becoming due from tenants of said premises, but said respondent [appellee] shall be accountable to this Court for all rentals so collected and shall be responsible for the proper maintenance and operation of said premises."

The petition of appellee recited that the debtor was in default in monthly payments totalling $12,000, that appellee had exercised its rights under the rent clause by taking possession of the premises, employing a manager and placing him in possession, by notifying the tenants to pay rent to it, and by collecting rents. It further alleged that it had notified the debtor, on September 24, that it was exercising its rights. It also alleged that it had at all times since been in possession. There were further allegations that the building was in need of various repairs, that appellee had arranged to have the repairs done by contract, and that the debtor's manager had moved out and been replaced by a manager hired by appellee. On information

and belief, appellee alleged that the debtor had no equity in the building.

On October 14, 1964, appellee answered the debtor's October 2 petition, setting up the rent clause of the deed of trust, and making allegations similar to those in appellee's October 5 petition for modification of the restraining order.

A hearing on the October 2 and October 5 petitions and the October 14 answer was held on October 16. On January 26, 1965, the debtor was adjudicated a bankrupt, and appellant was appointed trustee. On March 16, 1965, the referee filed his findings of fact, conclusions of law and judgment. He made findings as follows: Appellee's trust deed secured an indebtedness of $592,326.53 principal, plus interest from July 1, 1964, plus costs of foreclosure if incurred. There was also a second deed of trust for $31,000 and a third deed of trust for $28,000. Total liens were $651,000 and the property had a fair market value of $760,000. Both before and after September 30, 1964, one Azlant, the managing partner of the debtor, resided in the apartment house and acted as agent of the partnership, overseeing the management of the apartments. The partnership was in default under appellee's first trust deed. On September 25, 1964, appellee caused a notice of default to be recorded. Before September 30, it notified the tenants that they were to pay rent to it. Between September 25 and September 30, no rents became due or were collected by the debtor. These are all of the pertinent findings of fact.

In the conclusions of law we find a statement that the debtor was in possession on September 30, 1964, at the time of the filing of the Chapter XI petition, and continued in possession thereafter, that appellee did, prior to September 30, 1964 "take actions  *  *  *  to commence enforcement of the assignment

attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues,

and profits, and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice."

of rents clause" and that appellee is entitled to the rents.

The order provides:

"It is further ordered that respondent [appellee] Fresno Guarantee Savings & Loan Association has validly exercised its assignment of rents relating to the apartment property, and that all rents from said property should be paid to and collected by said respondent [appellee], or its agents and employees."

It also enjoins appellee from foreclosing or taking any further action to enforce its lien,

"provided, however, that pending the further order of this Court respondent [appellee] shall continue as heretofore to manage and operate said property and to collect the rentals becoming due from the tenants of said property and respondent [appellee] shall be responsible for the proper maintenance and operation of the premises comprising said property and shall be accountable to this Court for all rentals heretofore as well as hereafter collected by respondent [appellee] from said tenants."

The trustee sought review. Only the petition of October 2, 1964, the findings of fact, conclusions of law and order, and the petition for review were certified to the judge. On October 5, 1965, the judge affirmed the order of the referee. The trustee appeals.

The evidence heard by the referee was not brought before the district judge. We are confined to the record before us, and must accept the referee's findings, just as the district judge was required to do. This means, among other things, that the record does *not* show that appellee had taken possession or collected any rents before September 30, 1964, or that it had notified the debtor (as distinguished from the tenants) that it was going to collect the rents, or that appellee had entered into contracts for the repair of the building, or that the debtor had no equity in the building. On the other hand, it is implicit in the order,

and is not disputed, that at least since October 5, 1966, appellee has been managing and operating the property and collecting the rents as permitted by the modified restraining order. So far as appears, no accounting has yet been made by appellee to the court, and no order has been made as to the disposition of the rents, except that the order appealed from does make appellee "responsible for the proper maintenance and operation of the premises."

Appellant vigorously attacks the order appealed from on the ground that appellee had not, before the filing of the original petition on September 30, 1964, taken the steps required by state law to enable it to collect the rents, citing and relying most heavily on Malsman v. Brandler, 1964, 230 Cal.App.2d 922, 41 Cal.Rptr. 438. We find it unnecessary to consider this contention. We assume that if the bankruptcy proceedings had not intervened, appellee would not be entitled, without doing more than it did, to collect the rents. When the bankruptcy proceeding was begun, appellee was prohibited from taking further steps to perfect its lien. However, since October 5, 1964, it has been permitted by the bankruptcy court to take possession and collect the rents, subject to two duties, to account for them to the court, and to take proper care of the premises. The question is, did the bankruptcy court err in granting this permission?

We think that the substantive effect of what the court did, whatever label was attached to it, was to order the sequestration of the rents, pursuant to the request for such an order contained in appellee's October 5 petition and to the request for such relief as may be proper contained in its October 14 answer. In each document it claimed to be entitled, under the deed of trust, to collect the rents.

Under California law, the appointment of a receiver to collect the rents under a clause comparable to the one here involved is the equivalent of possession, and the trust deed beneficiary is entitled to the rents collected

thereafter. Malsman v. Brandler, supra, Childs Real Estate Co. v. Shelburne Realty Co., 1943, 23 Cal.2d 263, 268, 143 P.2d 697. But when the bankruptcy proceeding intervened, appellee could no longer institute such a suit nor take any other steps to enforce its lien, without permission of the bankruptcy court. See Investors Syndicate v. Smith, 9 Cir., 1939, 105 F.2d 611, 621. Accordingly, appellee's only recourse was in the bankruptcy court. And we have held that the filing of a petition for sequestration of rents in the bankruptcy court together with the order for sequestration is the equivalent of possession as required by California law. American Trust Co. v. England, 9 Cir., 1936, 84 F.2d 352, 356. See, also, Pollack v. Sampsell, 9 Cir., 1949, 174 F.2d 415, 419; Mortgage Loan Co. v. Livingston, 8 Cir., 1930, 45 F.2d 28.

We think that appellee's petition and answer were, in substance, petitions for sequestration. Thus In re Humeston, 2 Cir., 1936, 83 F.2d 187, 188, does not apply. There, the mortgagee did not seek sequestration.

Appellant asserts that the order had the effect of making it impossible for the Chapter XI proceeding to succeed because the order deprived the debtor of income. There is nothing in the record that supports this assertion. The court's order does only two things, permit the appellee to collect and hold the rents, subject to a duty to account for them to the court, and permit appellee to manage and operate the property. It makes no final disposition of the rents. Thus In re Cigar Stores Realty Holdings, Inc., 2 Cir., 1934, 69 F.2d 823 does not apply. It dealt with the right of the mortgage trustee to rents collected by the bankruptcy trustee, not with a sequestration order. Nor, for the same reason, does Florida Nat. Bank of Jacksonville v. United States, 5 Cir., 1937, 87 F.2d 896 apply. We are not called upon, and it would be improper for us, now to decide what the ultimate disposition of the rents should be.

Appellant urges that, under Erie R. R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, we are required to apply state rules of law as to appellee's rights, and that the decision of the trial court is somehow in conflict with those rights. We can see no conflict. The forum must be the bankruptcy court, and it accorded to appellee no more rights than it could have obtained in the state court if it had been free to go there.

Affirmed.