In re DELTA PLAZA PARTNERS, a Florida General Partnership.

DELTA PLAZA PARTNERS, a Florida General Partnership, Plaintiff,

v.

MINNESOTA MUTUAL LIFE INSURANCE CO., a Foreign Corporation, and the United States of America, Internal Revenue Service, Defendants.

Bankruptcy No. 90–21312.
Adv. No. 90–2123.

United States Bankruptcy Court, N.D. Mississippi.

May 2, 1991.

William R. Armstrong, Jr., Henderson, Duke, Dantone and Hines, P.A., Greenville, Miss., for Delta Plaza Partners.

Paul J. Stephens, Watkins and Eager, Jackson, Miss., for Minnesota Mut. Life Ins. Co.

Assistant U.S. Atty. Jim M. Greenlee, Oxford, Miss., for I.R.S.

OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for summary judgment filed by the defendant, Minnesota Mutual Life Insurance Co.; response to said motion having been filed by the debtor, Delta Plaza Partners; and the court having considered same hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A)(K) and (O).

II.

The debtor, Delta Plaza Partners, is a Florida general partnership and the current owner of a shopping center located in Greenville, Mississippi, known as the Delta Plaza Shopping Center. On or about August 31, 1978, Mainstream, Inc., the former owner of the shopping center, executed and delivered to the defendant, Minnesota Mutual, a promissory note in the original principal sum of $3,950,000.00, which was secured by a deed of trust encumbering the shopping center. On or about April 2, 1980, Mainstream, Inc., executed and delivered to Minnesota Mutual a second promissory note in the original principal sum of $275,000.00. The payment of both promissory notes, totaling $4,225,000.00, was secured by an amended and restated deed of trust, also encumbering the shopping center. Both deeds of trust were duly recorded in the official land records of Washington County, Mississippi. The debtor admits that it was in default under the terms of the promissory notes at the time that it filed its bankruptcy petition.

Minnesota Mutual takes the position that by virtue of the language set forth in the

aforementioned deeds of trust that it has a security interest and perfected lien in the rents generated by the shopping center. The pertinent language in the deeds of trust is set forth as follows:

NOW, THEREFORE, in consideration of the aforesaid indebtedness in the sum of Ten Dollars in hand paid, receipt of which is hereby acknowledged, Grantor hereby conveys, sells and warrants unto Trustee the following described real property situated in Washington County, Mississippi ... together with all rights, ways, privileges, servitudes, interest, easements, improvements, tenements, hereditaments, appurtenances, advantages and all rents, issues, and profits belonging or pertaining to real property. As further security for payment of indebtedness and performance of the obligations, covenants and agreements secured hereby, Grantor hereby transfers, sets over and assigns:

\* \* \* \* \* \*

(b) To trustee, all other rents, issues, and profits of the premises from time to time accruing, whether under leases or tenancies now existing or hereafter created, reserving to Grantor, however, so long as Grantor is not in default hereunder, the right to receive and retain such rents, issues, and profits of the premises.

(Underlining added)

As an equitable argument, the debtor alleges that Minnesota Mutual is an oversecured creditor and, as such, is not entitled to terminate the debtor's use of post-petition rents. According to the pleadings and the memoranda of law, the parties generally agree that the debtor owes Minnesota Mutual the sum of $3,516,041.86, together with accrued interest in the sum of $71,739.33, plus related costs and attorneys fees. Interest allegedly continues to accrue on this indebtedness at the rate of $448.37 per diem. In support of its position, the debtor contends that the shopping center has a value of $6,250,000.00, and that this value more than adequately protects Minnesota Mutual's claim.

### III.

Pursuant to 11 U.S.C. § 544(a)(3) and § 552(b), Delta Plaza Partners filed a complaint against Minnesota Mutual and the Internal Revenue Service, seeking to avoid the lien encumbering the rents generated by the shopping center. The debtor contends that the lien of Minnesota Mutual has not been perfected as to the rents solely by the recordation of the deeds of trust. The debtor, since it is a Chapter 11 debtor-in-possession, alleges that it enjoys a trustee's hypothetical status as a bona fide purchaser of real property for value with a recorded deed as set forth in 11 U.S.C. § 544(a)(3). As such, the debtor states that Minnesota Mutual's lien on the rents cannot now be perfected because of the debtor's intervening hypothetical status.

The debtor also alleges that mere recordation of a mortgage or deed of trust does not perfect a lien on rents, and that prior to the bankruptcy case being filed, Minnesota Mutual should have taken additional action to achieve perfection. In the alternative, the debtor contends that the "equities of the case" language appearing in 11 U.S.C. § 552(b) should compel the court to disallow Minnesota Mutual's pre-petition lien from extending to the rents generated post-petition.

Minnesota Mutual has filed its answer and counter-claim stating essentially that it has a perfected lien encumbering the rents as a result of the clauses appearing in its deeds of trust. Minnesota Mutual argues that it is entitled to segregation of all the rents, as well as, an administrative priority claim as to all rents or cash collateral used by the debtor since it filed its bankruptcy petition. In the alternative, Minnesota Mutual contends that should it be required to take some additional action to perfect its lien on the rents, that through its counter-claim, it has now done so.

The Internal Revenue Service filed its answer generally denying the allegations of the complaint. The court is of the opinion that the Internal Revenue Service was improperly joined as a defendant and will

dismiss the complaint, without prejudice, as to the Internal Revenue Service.

### IV.

For purposes of this opinion, the court does not consider that the language in the deeds of trust, creating the security interest in the rents, conveyed an absolute assignment of the rents to Minnesota Mutual upon default. Concerning this issue, the Fifth Circuit in *Matter of Village Properties, Ltd.*, 723 F.2d 441 (5th Cir.1984), commented as follows:

> An absolute assignment of rentals, on the other hand, automatically transfers the right to rentals when a specified condition occurs (e.g. default). An absolute assignment passes title to the rents instead of creating a security interest. *In Re Ventura–Louise Properties*, 490 F.2d 1141 (9th Cir.1974). Courts have been reluctant to construe assignment of rents as absolute assignments. *Taylor [v. Brennan]*, 621 S.W.2d [592] at 594 [(Tex.1981)]. Moreover, some courts and commentators have suggested that there is a presumption that clauses assigning rents create a security interest. E.g., *Childs v. Shelburne Realty Co.*, 23 Cal.2d 263, 268, 143 P.2d 697, 700 (1943); Note, *Assignment of Rents Clauses Under California Law and in Bankruptcy; Strategy for the Secured Creditor*, 31 Hast. L.J. 1433, 1452 (1980).

723 F.2d 441 at 443.

### V.

11 U.S.C. § 544(a)(3) provides as follows: (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not

such a purchaser exists [and has perfected such transfer.].

■ The debtor contends that the recording of the aforementioned deeds of trust only creates a security interest in the shopping center rents but that it does not, standing alone, perfect the security interest. Relying on *Matter of Village Properties, Ltd.*, supra, and *Myers v. Hobbs*, 100 F.2d 822 (5th Cir.1939), the debtor states that Minnesota Mutual must take an additional step to perfect its lien in the rents such as by foreclosing its mortgage, by obtaining a court order sequestering the rents, by having a receiver appointed for the purpose of collecting the rents, or some other similar action. Having reviewed the opinions in the aforementioned two cases, this court concurs with the debtor. The following quote from *Matter of Village Properties, Ltd.* is insightful:

> Before reaching the main issue in this case we pause to discuss Texas law concerning a mortgagee's interest in rents collected by a bankrupt estate. Texas adheres to the lien theory of mortgages. Under this theory the mortgagee is not the owner of the property and is not entitled to its possession, rentals or profits. Consequently, as occurred in the case at bar, mortgagees usually assign to themselves (through the deed of trust, or other instrument) the mortgagor's interest in all rents falling due after the date of the mortgage as additional security for the mortgage debt. Texas courts have followed the common law rule that an assignment of rentals is not effective "until the mortgagee obtains possession of the property, or impounds the rents, or secures the appointment of a receiver, or takes some other similar action." *Taylor v. Brennan*, 621 S.W.2d 592, 594 (Tex.1981) (citing *Simon v. State Mutual Life Assur. Co.*, 126 S.W.2d 682 (Tex.Civ. App.—Dallas 1939, writ ref'd); *McGeorge v. Henrie*, 94 S.W.2d 761 (Tex. Civ.App.—Texarkana 1936, no writ)).
>
> \* \* \* \* \* \*

In *Taylor* the Supreme Court of Texas found that no assignment clause similar to the one in the case at bar manifested

an intent by the parties to create a pledge of rentals. 621 S.W.2d at 595. Applying Texas law to the case before us we find that the assignment of rents in the deed of trust only created a security interest. Thus, if state law governs this issue (instead of the Bankruptcy Code) appellant is not entitled to the rents in dispute because it did not take affirmative steps to activate that pledge. For the appellant to prevail in this case Congress must have intended that the Bankruptcy Code preempt state law on the assignment of rents. In addition, the Code must provide that an assignment is automatically activated upon default.

In *Butner [v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)] the Supreme Court held that under the Bankruptcy Act of 1898 state law governed a mortgagee's interests in rents and profits earned by property in a bankrupt estate. Appellant notes that the *Butner* decision is limited to the Bankruptcy Act of 1898 and that it specifically recognized that Congress has the authority to enact a federal statute defining a mortgagee's interest in rents. 440 U.S. at 54, 99 S.Ct. at 917.

723 F.2d 441 at 443, 444.

In an earlier decision, the Fifth Circuit in *Myers v. Hobbs,* supra, a case having its origin in the Northern District of Mississippi, offered the following:

> ... A mortgage in Mississippi, though in form a conveyance with a defeasance on payment of the debt, passes no title but only creates a lien, leaving the general ownership in the mortgagor; and a deed of trust to secure a debt has only that effect. *Carpenter v. Bowen,* 42 Miss. 28, 49, 50; *Buck, Agt. v. Payne and Raines,* 52 Miss. 271, 279. Where there is an effort to make the rents part of the security, as here, there is only a lien on them. Until foreclosure or possession taken by the mortgagee, the mortgagor is in rightful possession. He may use the land himself; or he may rent it out and arrange for the making of crops by a tenant. When the mortgagor in possession rents the land out, he and not the mortgagee is landlord. He under the statute has a lien for rents and the supplies he may furnish....

100 F.2d 822 at 823, 824.

In the context of security interests in real property, both Mississippi and Texas are "lien theory" states as opposed to "title theory" states. The above quotation from *Myers v. Hobbs* leads this court to conclude that the more recent decision of *Matter of Village Properties, Ltd.,* although construing Texas law, would likewise be applicable in the State of Mississippi. As such, this court also concludes that the recording of the Minnesota Mutual deeds of trust only created a security interest in the debtor's rents. Some additional action, such as that mentioned hereinabove, is necessary to perfect that interest. *Matter of Village Properties, Ltd.,* provides additional significant advice:

> ... The form of the action required to perfect the mortgagee's interest is not as important as its substantive thrust—diligent action by the mortgagee which demonstrates that he would probably have obtained the rents had bankruptcy not intervened.

Giving undue weight to the procedural form of the affirmative action required by Texas law would handicap a mortgagee under the Bankruptcy Code. For example, section 105(b) of the Code prohibits appointment of a receiver. Moreover, obtaining "adequate protection" under section 363(e) is conditioned upon one having an "interest" in the property. Obviously, if a mortgage (sic) does not have such an interest under Texas law he cannot obtain "adequate protection." The logical solution is to perfect the Texas mortgagee's interest when he petitions for sequestration, a receiver, adequate protection, etc. Although some states hold that perfection should occur only upon actual possession we believe that the "or takes some other similar action" language in *Taylor* encompasses perfection of a mortgagee's interest by petitioning for sequestration and the like. In a recent case, involving California law very similar to Texas, a court held that filing an action to require the debtor to

cease spending, to segregate, and to account for all rents, income, etc. perfected the mortgagee's interest from the date of the filing. Although the court denied sequestration because of a $1 million dollar equity cushion, it noted that the mortgagee deserved perfection because he would have obtained the rents under California law if bankruptcy proceedings had not intervened. *In Re Oak Glen R-Vee*, 8 B.R. 213, 216 (Bkrtcy.C.D.Cal. 1981); *see also Groves v. Fresno Guarantee Savings & Loan Ass'n*, 373 F.2d 440, 442–43 (9th Cir.1967); *Pollack v. Sampsell*, 174 F.2d 415, 418–19 (9th Cir. 1949).

723 F.2d 441 at 446, 447.

## VI.

■ Another Bankruptcy Code section, not cited by the parties, which is extremely important is 11 U.S.C. § 546(b). It provides as follows:

(b) The rights and powers of a trustee under sections 544, 545, and 549 of this title [11 USCS § 544, 545, or 549] are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

This Code section provides that even if a bankruptcy case has been filed and the automatic stay of 11 U.S.C. § 362(a) activated, that a creditor who has a security interest in collateral such as rents, which under non-bankruptcy law requires some subsequent action to achieve perfection, may perfect the security interest by notice within the time fixed by non-bankruptcy law. There is a specific exception to the automatic stay which permits such action. See 11 U.S.C. § 362(b)(3). Once perfection has been achieved, albeit post-petition, it supersedes the rights and powers of the trustee under § 544(a)(3). In this case, the counterclaim filed by Minnesota Mutual is the appropriate action necessary to perfect its security interest in the debtor's rents. The order which will be generated as a result of the counterclaim and the related motion for summary judgment will effectively sequester the debtor's rents. The court, therefore, offers the following conclusions:

1. Although the Minnesota Mutual deeds of trust created a security interest in the rents generated by the debtor's property, the recordation of these deeds of trust, without further action, did not fully perfect the security interest. In keeping with the instructive language of *Matter of Village Properties, Ltd.* and *Myers v. Hobbs*, perfection of the security interest is accomplished by the mortgagee obtaining possession of the property, the sequestration of the rents by court order, the appointment of a receiver for the purpose of collecting the rents, or some other similar action.

2. 11 U.S.C. § 546(b) and § 362(b)(3) allow Minnesota Mutual to perfect its security interest in the debtor's rents by taking appropriate action, even subsequent to the filing of a bankruptcy case. This has been accomplished in this case by the initiation of the counterclaim and the filing of the related motion for summary judgment. The order which will be generated as a result of this proceeding will effectively sequester the debtor's rents and, as such, perfect the security interest of Minnesota Mutual therein. The sequestration should extend to any cash on hand generated from the rents and will continue in effect until the court orders otherwise.

3. The court will reserve ruling on the effective date of the lien perfection until such time as this issue becomes germane.

4. The debtor should immediately file a motion requesting the use of cash collateral which the court will consider in an expedited manner.

5. Because other matters addressed in the debtor's complaint and Minnesota Mutual's counterclaim are not being resolved

herein, and perhaps remain in dispute, the court's order will effectively be an order granting partial summary judgment.