**In re CROSSROADS MARKET, INC.**

Bankruptcy No. 93–12964.

United States Bankruptcy Court,
N.D. Mississippi.

Dec. 12, 1994.

Doris C. Landon, Oxford, MS, for Crossroads Market, Inc.

D. Ronald Musgrove, Smith and Musgrove, Batesville, MS, for Mechanics Bank.

Kenneth H. Coghlan, Hickman, Goza & Gore, Oxford, MS, for Merchants & Farmers Bank.

Ralph M. Dean, Assistant U.S. Attorney, Oxford, MS, for Internal Revenue Service.

### *OPINION*

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for release of cash collateral and security interest filed by Merchants and Farmers Bank; response to said motion having been filed by the United States of America, acting on behalf of the Internal Revenue Service; memoranda of law having been submitted by both parties; and the court having considered same, hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (K), (M), and (O).

### II.

#### *FACTUAL BACKGROUND*

On March 17, 1993, the debtor, Crossroads Market, Inc., executed a deed of trust in favor of Merchants and Farmers Bank of

Kosciusko, Mississippi, securing an indebtedness of $85,754.94. It was recorded in the official land records of Lafayette County, Mississippi, on April 2, 1993, in Book 597 at page 207. The deed of trust encumbered commercial real property owned by the debtor and, additionally, contained the following paragraph regarding rents that would be generated from said property:

7. As additional security Debtor hereby assigns to Secured Party all rents accruing on the Property. Debtor shall have the right to collect and retain the rents as long as Debtor is not in default as provided in Paragraph 9. In the event of default, Secured Party in person, by an agent, or by a judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and collect the rents. All rents so collected shall be applied first to the costs of managing the Property and collecting the rents, including fees for a receiver and an attorney, commissions to rental agents, repairs and other necessary related expenses and then to payments on the indebtedness.

On April 15, 1993, following an assessment for unpaid taxes, the Internal Revenue Service filed a federal tax lien notice against the debtor with the Chancery Clerk of Lafayette County, Mississippi, evidencing a tax liability of $6,175.24.

On October 28, 1993, the debtor filed its voluntary Chapter 7 bankruptcy petition; shortly thereafter, Alex Gates was appointed as the Chapter 7 trustee.

Upon learning of the bankruptcy filing, Merchants and Farmers Bank requested the debtor to turn over all rents received from the encumbered property to the Chapter 7 trustee. Accordingly, the trustee collected and now retains approximately $2,493.23 in rents, all of which was generated post-petition. Apparently, none of these monies were used to "manage the property," etc., as contemplated by the deed of trust.

On January 27, 1994, the Internal Revenue Service filed a proof of claim which indicated that the debtor owed a "fully secured" tax liability in the total amount of $27,248.23.

## III.

### LEGAL ISSUE TO BE DETERMINED

The issue which must be determined in this proceeding is whether the lien of the Merchants and Farmers Bank deed of trust, as to the rents generated post-petition from the debtor's real property, is superior to the Internal Revenue Service's federal tax lien.

## IV.

### CONCLUSIONS OF LAW

The Internal Revenue Service concedes that by virtue of the language appearing in the Merchants and Farmers Bank deed of trust that the bank has a security interest in the rents generated from the encumbered real property. See, In re Vienna Park Properties, 976 F.2d 106 (2nd Cir.1992), and In re Creekstone Apartments Associates, L.P., 165 B.R. 845 (Bankr.M.D.Tenn.1993). The Service additionally acknowledges that this security interest would ordinarily extend to rents generated subsequent to the debtor's bankruptcy filing pursuant to 11 U.S.C. § 552(b). The Service contends, however, that the security interest, as created by the deed of trust, does not take priority over its subsequently recorded federal tax lien notice.

 Pursuant to 26 U.S.C. § 6321, a federal tax lien is created upon the assessment of the tax liability and is perfected by the filing of the federal tax lien notice. Once perfected, it attaches to all property and rights to property of a taxpayer, including after acquired property. See, Glass City Bank of Jeanette, Pa. v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945), and Rice Investment Co. v. United States, 625 F.2d 565 (5th Cir.1980).

 A federal tax lien, which is a nonconsensual security interest, attaches to property acquired by a debtor/taxpayer even subsequent to the filing of a bankruptcy petition, notwithstanding the provisions of 11 U.S.C. § 552(a). See, United States v. Booth Tow Services, Inc., 64 B.R. 539 (W.D.MO 1985); In re May Reporting Services, Inc., 115 B.R. 652 (Bankr.D.S.D.1990); and In re

*National Financial Alternatives, Inc.*, 96 B.R. 844 (Bankr.N.D.Ill.1989).

As a derivative from the foregoing findings, the court concludes that the Internal Revenue Service had a *perfected* lien as of April 15, 1993, the date that the federal tax lien notice was appropriately recorded. This lien attached to all real and personal property belonging to the debtor, including after acquired property.

■ The court is of the opinion that the nature of the security interest in favor of Merchants and Farmers Bank was thoroughly discussed by this court in *In re Delta Plaza Partners*, 133 B.R. 355 (Bankr. N.D.Miss.1991). In that proceeding, which is strikingly similar to the matter now before the court, the creditor, Minnesota Mutual Life Insurance Co., had obtained a deed of trust encumbering a shopping center owned by the debtor, Delta Plaza Partners, a general partnership. The deed of trust contained "boilerplate" language, like the Merchants and Farmers Bank deed of trust, which created a security interest in rents generated by the property. The court concluded that although the deed of trust *created* a security interest in the rents, the recordation of the deed of trust, without further action, did not fully *perfect* the security interest. In relying on two Fifth Circuit decisions, *Matter of Village Properties, Ltd.*, 723 F.2d 441 (5th Cir.1984), and *Myers v. Hobbs*, 100 F.2d 822 (5th Cir.1939), the court held that in order to perfect its lien in the rents that Minnesota Mutual was required to take an additional step such as by foreclosing its deed of trust, by obtaining a court order sequestering the rents, by having a receiver appointed for the purpose of collecting the rents, or some other similar action. *See, In re Delta Plaza Partners*, 133 B.R. 355 at 357–59.

Therefore, although the recordation of the Merchants and Farmers Bank deed of trust created a security interest in the rents generated by the debtor's real property, this security interest was not perfected, in the opinion of this court, until Merchants and Farmers Bank requested the Chapter 7 trustee to collect the rents, or alternatively, until it filed its motion for the release of cash collateral and security interest. Neither of

these actions occurred until after the debtor had filed bankruptcy on October 28, 1993. Because the intervening federal tax lien became perfected on the date of the recordation of the notice, i.e., April 15, 1993, it takes priority over the unperfected security interest that had been previously created in favor of Merchants and Farmers Bank.

Although not precisely on point, the court reviewed with interest a case cited by the Internal Revenue Service, *United States v. McDermott*, 507 U.S. 447, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993). In that case, the Internal Revenue Service assessed the taxpayers with an unpaid tax liability in December, 1986. (Under 26 U.S.C. §§ 6321 and 6322, as noted earlier, a federal tax lien arises at the time that a taxpayer is assessed for unpaid taxes, and the lien applies to all real and personal property belonging the taxpayer, including after acquired property. However, under 26 U.S.C. § 6323(a), this lien is not valid against a judgment lien creditor until the notice of the lien has been properly recorded.)

In July, 1987, a bank enrolled a state court judgment against the taxpayers. Under Utah law this enrollment created a lien on all of the taxpayers' then owned and after acquired real property. On September 9, 1987, the Internal Revenue Service filed a federal tax lien notice in the appropriate county records. Subsequently, on September 23, 1987, the taxpayers acquired title to a parcel of real property.

The issue was whether the bank's judgment lien, which required no further action to be perfected and which was enrolled before the federal tax lien notice was recorded, took priority over the federal tax lien. The Supreme Court, Justice Scalia writing for the majority, held that the federal tax lien had to be given priority over the bank's judgment lien with respect to the taxpayer's after acquired real property, not withstanding the fact that the judgment lien was recorded prior to the federal tax lien. The court noted that the judgment lien was not necessarily first in time since it did not actually attach to the after acquired real property until the taxpayers acquired rights in the property, which occurred after the federal tax lien

notice was recorded. In addition, under the language of 26 U.S.C. § 6323(a), the recording of the federal tax lien notice rendered the federal tax lien perfected for "first-in-time priority purposes" regardless of whether it had yet attached to identifiable property.

Appropriate to the proceeding now before this court, the dissenting opinion authored by Justice Thomas, who was joined by Justices Stevens and O'Connor, stated that the issue in determining whether a competing lien was sufficiently perfected to have priority over a federal tax lien was not whether attachment had occurred, but whether (a) the competing lien had become certain as to the property subject thereto, and (b) *the lienor needed to take no further action to secure the claim.*

As noted earlier, this court has already decided that in addition to recording the deed of trust, Merchants and Farmers Bank needed to take further action to perfect its lien on the rents generated from the debtor's property. As such, a decision in this proceeding to the effect that the federal tax lien is superior to the security interest of Merchants and Farmers Bank in the rents appears to be consistent with both the majority and the dissenting opinions in *McDermott.* This would be true regardless of whether the debtor had filed bankruptcy and the court was construing only nonbankruptcy law.

For the reasons cited hereinabove, the court must conclude that the motion for release of cash collateral and security interest filed by Merchants and Farmers Bank is not well taken and must be overruled.

## V.

### THE BANKRUPTCY REFORM ACT OF 1994 (H.R. 5116)

The court is aware of § 214 of The Bankruptcy Reform Act of 1994 (H.R. 5116), which addresses security interests in postpetition rents. This particular section applies only to bankruptcy cases filed subsequent to the effective date of the Act, i.e., October 22, only to bankruptcy cases filed subsequent to the effective date of the Act, i.e., October 22, 1994, and, as such, would be inapplicable to the subject proceeding. Even if applicable, § 214 would not result in a

different conclusion. However, it would dramatically change the decision rendered by this court in *In re Delta Plaza Partners,* supra.