## McGEORGE v. HENRIE.

### No. 4967.

Court of Civil Appeals of Texas. Texarkana.

April 30, 1936.

Thompson, Knight, Baker & Harris, of Dallas, E. A. Tharp, of Mineola, and W. A. Rembert, Jr., of Dallas, for plaintiff in error.

Bartlett, Thornton & Montgomery, of Dallas, and Jones & Jones, of Mineola, for defendant in error.

HALL, Justice.

Defendant in error brought this suit against plaintiff in error and several others, who are not parties to this appeal, on a note in the sum of $12,500, to foreclose a deed of trust lien on certain real estate located in the city of Mineola, Texas, securing said note, and for interest and attorneys' fees.

Plaintiff in error answered by general demurrer and special exceptions which were overruled by the trial court, general denial, special denial to the effect that at the time of renewal of said note and deed of trust lien he was not the owner of the property covered by same and that the renewal of said indebtedness and the lien securing same were void, and that the original indebtedness sought to be renewed was barred by the four years statute of limitation.

It appears that the original note and deed of trust lien were executed by R. J. Gaston and wife on June 7, 1920, and was due and payable on June 1, 1925. On May 23, 1929, plaintiff in error who was the owner of the real estate covered by the deed of trust executed a renewal agreement whereby the note and deed of trust lien were extended until June 1, 1935. In due course the defendant in error became the owner and holder of the note and deed of trust lien. On August 14, 1933, plaintiff in error entered into a lease contract with one Hooks and wife which was to extend until December 31, 1935. Plaintiff in error made default in several installments of interest, and defendant in error under the terms of the note and deed of trust declared the whole indebtedness due, and on December 27, 1933, filed this suit. For four months prior to November 1, 1934, Mrs. Hooks, lessee of plaintiff in error, at the request of defendant in error, deposited the rents due by her on the property in controversy in a bank in Mineola, subject to the judgment of the trial court. The case was tried to the court without a jury, and judgment was rendered for defendant in error for his debt, interest and attorneys' fees, together with foreclosure of his deed of trust lien, and, further, for the rents deposited in the bank by Mrs. Hooks together with all rents which shall accrue prior to the sale of the property. From this judgment plaintiff in error has appealed to this court.

The only error assigned is with respect to that portion of the judgment of the lower court awarding to defendant in error the rent deposited in the bank by Mrs. Hooks and the rents to accrue prior to the sale of the property to satisfy said judgment.

■ The title to the property against which the deed of trust lien was fixed remained in plaintiff in error with the right to manage, use, and control the same until his possession was interrupted by entry of the defendant in error under the terms of the deed of trust, judicial sale, or the appointment of a receiver. In Willis v. Moore, 59 Tex. 628, 635, 46 Am.Rep. 284, it is said: "In this state it has been held, from an early day, that a mortgage is but a security for a debt; that the title to property mortgaged remains in the mortgagor, and with it the right of possession, which is one of the ordinary incidents of title." (Citing cases.) It is equally true that the mortgagor until possession is taken from him is entitled to the rents and revenues of the property mortgaged. Jones on Mortgages (6th Ed.) vol. 2, § 1120, and this is true even though the mortgage includes within its terms rents and revenues. In Johnston v. Lasker Real Estate Ass'n, 2 Tex.Civ.App. 494, 21 S.W. 961, 963, it is said: "Johnston remained in the possession of the property, and, in addition to the payment of interest, applied the rents to the extinction of his unsecured indebtedness. Appellant contends that, as the deed of trust for the $3,500 note was also a lien on the rents, they should have been applied entirely to the extinction of the lien. This seems to be otherwise. 1 Jones, Mortg. § 670. *Johnston remained in possession of the rents as of the other property included in the deed of trust, and had the right of disposition thereof until possession was taken under the deed of trust;* but when the receiver was appointed, and the property taken charge of by the court, the rents should then have been applied at least to the extinguishment of the lien on the property, and rents to secure the note for $3,500; hence the court erred in adjudging that the rents accumulated and to accumulate in the hands of the receiver after his appointment should be applied to the payment of that portion of the plaintiff's judgment which had been postponed to the appellant's lien." (Italics ours.) This same rule is applied by the Supreme Court of the United States in Freedman's Savings & Trust Co. v. Shepherd, 127 U.S. 494, 8 S. Ct. 1250, 1254, 32 L.Ed. 163, in which it is said: "It is, of course, competent for the parties to provide in the mortgage for the payment of rents and profits to the mortgagee, even while the mortgagor remains in possession. But when the mortgage contains no such provision, *and even where the income is expressly pledged as security for the mortgage debt, with the right in the mortgagee to take possession upon failure of the mortgagor to perform the conditions of the mortgage, the general rule is that the mortgagee is not entitled to the rents and profits of the mortgaged prem-*

*ises until he takes actual possession, or until possession is taken in his behalf by a receiver."* (Italics ours.) To the same effect is Gilman v. Illinois & M. Telegraph Co., 91 U.S. 603, 23 L.Ed. 405, and notes to this decision. Thus it seems to us, under the authorities above cited, that the trial court erred in awarding to defendant in error the rents on the property in question which had been deposited in the bank by Mrs. Hooks, as well as other rents accruing to the date of the taking possession of said property by defendant in error.

Therefore, in so far as the judgment of the trial court awards to the defendant in error the rents on deposit in the Mineola bank by Mrs. Hooks and other rents accruing from the property in controversy before the actual taking of possession of the property by defendant in error it is reversed and the judgment is here rendered for plaintiff in error for such rents. In all other respects the judgment of the lower court is affirmed.