[Civ. No. 27311.   Second Dist., Div. Three.   Nov. 27, 1964.]

SOL MALSMAN, as Trustee, etc., et al., Plaintiffs and Appellants, v. ESTELLE BRANDLER, Individually and as Administratrix, etc., Defendant and Respondent.

Horowitz & Howard and Fred Horowitz for Plaintiffs and Appellants.

William P. Camusi for Defendants and Respondents.

RICHARDS, J. pro tem.*—Appeal from a judgment denying plaintiffs, as trust deed beneficiaries, recovery of rents collected by defendant property owners, after notice of default and prior to plaintiffs' demand for or taking possession of the secured property.

In September 1957, Ben Weinberg and his wife, Estelle Weinberg (now Estelle Brandler) purchased a 10-story store and office building in downtown Los Angeles, commonly known as "The Apparel Center Building." When so purchased the property was encumbered by a first deed of trust in favor of an insurance company and by a second deed of trust in favor of plaintiffs. As security for the performance of the second deed of trust obligations the real property and the rents therefrom were granted and assigned to the trustee subject to the right of the beneficiaries to collect and apply such rents under a rent collection provision hereinafter set forth.

Commencing December 1, 1961, defendants defaulted in payment of the monthly installments due on the second deed of trust. On or about January 1, 1962, plaintiffs notified defendants of their default and demanded that any rents collected be delivered to plaintiffs. Defendants continued to collect the rents until March 27, 1962, when the instant action was commenced and a receiver appointed.

The court found, *inter alia,* that plaintiffs did not elect to demand possession nor to take possession of the property until the filing of their complaint on March 27, 1962. As a conclusion of law, the court held that the second deed of trust provided for a pledge of rents as additional security to take effect upon reducing the real property to possession and that it did not provide for an absolute assignment of rents to take effect upon default. Judgment was entered that defendants were entitled to retain all rents collected prior to March 27, 1962.

The only contention made by appellant on this appeal is that upon a proper interpretation of the second deed of trust provisions, plaintiffs were entitled to the rents upon trustor's default without demand for or taking possession of the real property.

It is settled that where a deed of trust contains a clause which merely includes the rents as a portion of the property pledged to secure a debt, only a security interest

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

passes and until a beneficiary obtains lawful possession, the trustor in possession may collect and retain the rents as they fall due. (*Kinnison* v. *Guaranty Liquidating Corp.*, 18 Cal. 2d 256, 261 [115 P.2d 450]; *Childs etc. Co.* v. *Shelburne Realty Co.*, 23 Cal.2d 263, 268 [143 P.2d 697].) ▪ It is also settled that the parties, either by a clause inserted in the deed of trust or by a separate instrument, may provide that in the event of default the rents are assigned absolutely to the beneficiary and that such a provision, rather than pledging the rents as additional security, operates to transfer the trustor's right to the rentals to the beneficiary upon the happening of the specified condition. (*Kinnison* v. *Guaranty Liquidating Corp.*, *supra*, at p. 261.)

▪ The deed of trust in question "grants, transfers and assigns" to the trustee, in trust, the real property described, "Together with the rents, issues and profits thereof, subject, however, to the right, power and authority given to and conferred upon Beneficiary by paragraph 10 of the provisions incorporated herein by reference to collect and apply such rents, issues and profits. For the Purpose of Securing:" performance of the agreements of trustor contained in the deed of trust and payment of the indebtedness secured thereby.

Paragraph (10) of the first deed of trust incorporated by reference in the second deed of trust reads, in pertinent parts, as follows: "(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, . . . to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby . . . to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, . . . enter upon and take possession of said property . . . in his own name sue for or otherwise collect such rents, issues and profits. . . . and apply the same, . . . upon any indebtedness secured hereby, . . . . The entering upon and taking possession of said property, the collection of such rents, issues and profits . . . shall not cure or waive any default or notice of default hereunder . . . ."

It is our opinion under the authorities above cited that the provisions in the deed of trust assigning the rents to the trustee, passed only a security interest in such rents and entitled defendants to the rents collected until possession was taken by plaintiffs through the appointment of a receiver.

The decisive question is whether by the provisions of paragraph (10) the parties contemplated an absolute assignment of rents to the beneficiary upon the happening or notice of default. We conclude that paragraph (10) does not disclose a clearly expressed intention of the parties that an absolute assignment of rents be made upon trustor's default or notice of default. (*Childs etc. Co.* v. *Shelburne Realty Co., supra,* 23 Cal.2d 263, 268.)

Examining paragraph (10), nowhere do we find any language purporting to assign the rents to the beneficiary, such rents having already been assigned to the trustee as security. The wording of paragraph (10) is persuasive that the parties intended a security interest and not an absolute assignment. It begins with the phrase "That as additional security: . . ." An absolute assignment of rents is not for security but is in payment *pro tanto* of the obligation. The paragraph then provides that the trustor confers upon the beneficiary the power to collect the rents subject to the right of the trustor to collect and retain such rents prior to any default. This clause clearly does not disclose an intent that the rents are assigned absolutely upon the happening of the contingency of a default but rather that upon such default the beneficiary may exercise the right of collection. The paragraph then goes on to provide that upon default the beneficiary may take possession and collect the rents. The text of this clause suggests that the beneficiary's power to collect the rents can only be exercised after the beneficiary exercises the power to take possession. The provisions of paragraph (10) are entirely consistent with an intent to further pledge the rents as security and are inconsistent with a clearly expressed intention of an absolute assignment of such rents to the beneficiary effective upon the happening of a default or to the giving of a notice of default.

Hence we conclude that the defendants were entitled to retain the rents collected before the beneficiary took possession by the appointment of a receiver.

Judgment affirmed.

Ford, Acting P. J., and Files, J., concurred.

A petition for a rehearing was denied December 11, 1964, and appellants' petition for a hearing by the Supreme Court was denied January 20, 1965.