James S. TAYLOR, Jr., Appellant,

v.

T. C. BRENNAN, Jr., Appellee.

No. 17603.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 24, 1980.

Rehearing Denied Sept. 11, 1980.

Donna M. Bobbitt, Houston, for appellant.

Butler, Binion, Rice, Cook & Knapp, Roger A. Rider, Houston, for appellee.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

DOYLE, Justice.

T. C. Brennan, Jr., filed suit against James S. Taylor, Jr., and Larry Hausler, trustee, for damages arising incident to the foreclosure of a second lien deed of trust. All parties agree that Hausler was Taylor's trustee and had no personal interest in the case. The trial court dismissed the suit as to Hausler, withdrew the case from the jury and entered a directed verdict against Taylor for $19,976.32 as damages for waste to the security. The court further awarded damages of $5,125 for Taylor's failure to refund the security deposits and $1,500 in attorney's fees.

We affirm.

In January 1974, Brennan sold an apartment complex known as Sagewood Apartments to Taylor. The conveyance was accepted subject to a first lien deed of trust in favor of First Continental Mortgage Company. Taylor executed a promissory note, a second lien deed of trust in favor of Brennan, an assignment of rentals, a U.C.C. security agreement and an assignment of lessor's interest in leases.

While the evidence shows Taylor timely made all payments due to appellee, the first lien holder notified Brennan that two payments were delinquent on the first lien. Appellee foreclosed on the second lien and regained possession of the property. He collected $4,082.64 in tenant rents at this time, but was forced to pay $19,976.32 for the payments due on the first lien mortgage. He then instituted this suit for waste of security. Findings of fact and conclusions of law were requested and filed. The conclusions of law made the basis of this appeal are as follows:

(2) That paragraphs four and eight of said Assignment obligated defendant Taylor to reimburse plaintiff for obligations undertaken by plaintiff on behalf of defendant Taylor including reasonable attorney's fees and interest incurred for expenses of such obligations at the rate of 9% per annum.

\* \* \* \* \* \*

(5) That the failure of defendant Taylor to apply such rents against the indebtedness constituted waste of such security.

Taylor attacks conclusion of law (5) by his first point of error contending that under the terms on his note to Brennan he was immune to personal liability for any deficiency. He further argues Brennan is only entitled to possession of the land by virtue of the foreclosure and cannot obtain a judgment against him on the theory of waste of security.

Waste has been defined by the Supreme Court of Texas as an injury to the reversionary interest in land caused by the wrongful act of a party rightfully in possession. *R. C. Bowen Estate v. Continental Trailways, Inc.*, 152 Tex. 260, 256 S.W.2d 71 (1953). As a general rule an action for waste is brought against a tenant by the party who holds the reversionary interest in the property. An action may be brought by the holder of a mortgage where the value of the security is threatened. *Brader v. Ellinghausen*, 154 S.W.2d 662 (Tex.Civ.App. —Fort Worth 1941, no writ). A cause of action does not lie against a mortgagor who has injured the property, unless it can be shown that the injury inflicted has threatened the value of the mortgagee's security. *Carroll v. Edmondson*, 41 S.W.2d 64 (Tex. Com.App., 1931); 10 Tex.L.R. 475 (1932).

The evidence in this case shows that the mortgagee's security, the land itself, has not diminished in value due to any fault of appellant.

Aside from the property the court held the rents, themselves, were part of the security and that appellant wasted these rentals which had been pledged as secondary security for the purchase money indebtedness.

■ The holder of a mortgage is not the owner of the property nor is he ordinarily entitled to its possession, profits or rents. The question, then, before this court involves the interpretation of an assignment of rent instrument. Does an instrument pledging rents as security act as an absolute assignment to the lien holder so as to allow a cause of action for waste, or is it merely a pledge to secure a debt which must be activated by an affirmative act of the lien holder in order to collect rents when the mortgagee is not in possession of the land? We can find no case where the Texas courts have considered this precise point. The few Texas cases addressing rentals pledged as security have followed the rule that although mortgage instruments often contain clauses assigning the rents to the mortgagee, such provisions do not become operative until the mortgagee actually obtains possession, or impounds the rents and profits, or has a receiver appointed, or takes some similar action. *Simon v. State Mut. Life Assur. Co.*, 126 S.W.2d 682 (Tex.Civ. App.—Dallas 1939, writ ref'd); *McGeorge v. Henrie*, 94 S.W.2d 761 (Tex.Civ.App.— Texarkana 1936, no writ).

Cases in other jurisdictions are in accord that the mortgagee must be in possession of the property or else he must assert some right to the pledged rentals by means of demand, appointment of a receiver or foreclosure. *Hastings v. Wise*, 89 Mont. 325, 297 P. 482 (1931); *Kinnison v. Guaranty Liquidating Corporation*, 18 Cal.2d 256, 115 P.2d 450 (1941).

In *Malsman v. Brandler*, 230 Cal.App.2d 922, 41 Cal.Rptr. 438 (1964), the court examined a trust deed, concluding that the pertinent clause contained merely a pledge to

secure the debt and was not an absolute assignment so as to transfer rents to the assignee upon the happening of an event. The court also stated the clause used the words "That as additional security ..." This was not held to be an absolute assignment of rents, but rather a pledge of security.

It is undisputed that Taylor, through his agent Hausler, signed the agreement and consequently assumed all responsibility for the transaction and was aware of the instrument in question labeled Assignment of Rents, executed in favor of the first lien holder. Taylor took the property subject to the first assignment.

The first assignment of rent uses the words: "The Mortgagor is desirous of further securing ..." and "additional security to the Mortgagee." At first blush this appears to be similar to the California case of *Malsman v. Brandler, supra*, holding such language to be only a security agreement and not an absolute assignment. Relevant excerpts of Section 1 of the assignment before us read as follows:

*Section 1. The Assignment.*

The Mortgagor does hereby presently sell, assign, transfer, set over and grant to the Mortgagee during the life of these presents and also during any proceeding brought to enforce the Mortgage:

A. The right to the use and possession of and the right to rent, let and/or lease any or all of the furnishings, fittings, attachments, appliances and appurtenances of any kind and description now or hereafter available for the use of the tenants and/or the operation of the premises in or to which the Mortgagor has any right, title or interest.

B. The right to the use and possession of the premises and all the rents, which word shall be construed as including any and all of the rents, issues, profits and avails now due and which may hereafter become due under and by virtue of any lease, whether written or oral, or any letting of or any agreement for the use or occupancy of any part of the premises

and/or furnishings which may have been heretofore or may be hereafter made or agreed to between the Mortgagor or any other owner of the premises and/or furnishings and any tenant or occupant of any part of the premises and/or furnishings, or which may be made or agreed to by the Mortgagee under the power herein granted.

As we view it, this instrument employs definite language that this assignment is presently in force in favor of the mortgagee, and that it will become operative upon the happening of a specified event, namely default.

Whether the rents are described in the mortgage, deed of trust or in a separate instrument, the decisive question is whether the parties contemplated an assignment of the rentals or merely a pledge for security purposes. *In Re Ventura–Louise Properties*, 490 F.2d 1141 (9th Cir. 1974),

Taylor further contends the agreement does not specifically state he was obligated to apply the rents for the first note payments and that he used the rents to maintain the property and did not waste them. Despite his contention, Taylor does not introduce into evidence any records of maintenance performed on the property, nor was any compilation of expenditures submitted for offset against the collected rentals. However, Taylor, knowing that the rents were pledged to Brennan, had no right after default to continue to collect the rents and appropriate them to his own use. Had Taylor chosen not to collect the rentals, Brennan would have had no cause of action against him. Taylor's point of error number one is overruled.

Points of error two and three complain of the trial court's error in using an improper measure of damages and a lack of evidence to support the finding for waste of security of rents.

 Our holding is that the rental assignment herein discussed was absolute, contingent only upon default by Taylor which occurred when he failed to make the first note payments. Thus, any rentals collected thereafter were assigned to Brennan.

Two notes were past due for a period during which Taylor had collected the rents. If only the land security were here involved, the correct measure of damages in this case would be the injury to such security. A mortgagee is not damaged if his security is still sufficient to discharge his debt. *Carroll v. Edmondson, supra, Wheeler v. Peterson*, 331 S.W.2d 81 (Tex.Civ.App. —Fort Worth 1959, writ dism'd); *American Nat. Ins. Co. v. City of Port Arthur*, 62 S.W.2d 256 (Tex.Civ.App.—Beaumont 1933, no writ); 10 Tex.L.R. 475 (1932). However, in our case, the rent, itself, was a separate and distinct security to which Brennan was entitled, aside from the land, and the correct measure of damages would be the amount of the note payments, which Taylor had collected from the rent, but failed to apply to the loan indebtedness. If Taylor had collected a larger rental amount than the amount owed on the note payments, ($19,976.32) he would have been entitled to any excess. If he collected a smaller rental amount than the note payments, he would not have been personally liable for any deficit. While the assignment does not state a specific amount as pledged for security, it does state the rents are to be used to pay off the loan indebtedness. Brennan's accountant testified that each note payment was for the amount of $9,988.16. The court doubled this amount for the two missed payments and awarded damages in the sum of $19,976.32. Points of error two and three are overruled.

Taylor's remaining points of error complain of the trial court's errors in finding that he was liable for the return of the security deposits to Brennan. Taylor argues that the tenant list showing such deposits was hearsay and violated Article 5236e, V.A.C.S. (1973). We overrule these points of error.

The trial court found that pursuant to paragraphs one, four and eight of the assignment of lessor's interest in leases and security agreement, Brennan was obligated to assume all responsibilities to the tenants, including refund of security deposits and that he could subsequently look to appellant

for reimbursement of these expenditures. Taylor argues that pursuant to Article 5236e, a mortgagee who forecloses on an apartment project is not obligated to the tenants for these deposits. This would be true generally if the parties (as in the case before us) have not contracted otherwise. When Brennan foreclosed on this property, he took over all obligations under the assignments, and even though this section is not applicable to owners by foreclosure, it does not preclude the contractual obligations undertaken by Taylor and Brennan under the assignments.

■ Taylor's hearsay and no evidence contentions are without merit. Brennan testified he had personal knowledge of the tenant lists and the tenants residing in the apartments at the time of foreclosure. Therefore, the court correctly admitted such lists as a basis for figuring the security deposits.

Brennan is also entitled to attorney's fees pursuant to the agreement. Taylor argues that Brennan was required to make demand on him prior to filing suit. However, this agreement makes no such requirement, and the parties stipulated in open court that $1500.00 would constitute reasonable attorney's fees to Brennan in the event that he should prevail.

The judgment of the trial court is affirmed.

### Motion for Rehearing

■ On motion for rehearing, appellant points out that this court mistakenly recited:

> The trial court found that pursuant to paragraphs one, four and eight of the assignment of lessor's interest in leases and security agreement, Brennan was obligated to assume all responsibilities to the tenants, including refund of security deposits . . .

For the sake of clarity, the trial court found that pursuant to the aforementioned paragraphs contained in said agreements, appellee was "permitted upon default by defendant Taylor to undertake the responsibility to the tenants for the security deposits."

Having opted to undertake these responsibilities, appellee, pursuant to said paragraphs was also entitled to reimbursement for expenditures necessitated by these responsibilities. In compliance with this agreement, appellee was entitled to the security deposits necessary to fulfill his obligations to the tenants.

Appellant's motion for rehearing is overruled.