James S. TAYLOR, Jr., Petitioner,

v.

T. C. BRENNAN, Jr., Respondent.

No. C–38.

Supreme Court of Texas.

Sept. 23, 1981.

Donna M. Bobbitt, Houston, for petitioner.

Butler, Binion, Rice, Cook & Knapp, Roger A. Rider and Sharon E. Peebles, Houston, for respondent.

McGEE, Justice.

This is a suit for damages for waste of security involving the interpretation of an assignment of rentals instrument executed in connection with the purchase of realty. The trial court rendered judgment against the purchaser for waste of security and failure to refund security deposits, plus attorneys' fees. The court of civil appeals affirmed. 605 S.W.2d 657. We reverse that part of the judgment of the court of civil appeals which awarded damages against Taylor for waste of security. We affirm the remainder of the judgment of the court of civil appeals.

In January, 1974, T. C. Brennan, Jr., sold the Sagewood Apartments, located in Houston, to James S. Taylor, Jr. The conveyance was made subject to a first lien deed of trust and an assignment of rentals in favor of First Continental Mortgage Company. Taylor also executed a promissory note, a second lien deed of trust, an assignment of rentals, a U.C.C. security agreement and an assignment of lessor's interest in leases, all in favor of Brennan. The deed of trust and general warranty deed contained a promise by Taylor to make all payments and perform all obligations pursuant to the first lien note and the first lien in favor of First Continental. However, the parties expressly agreed that Taylor would not assume any personal liability on the obligation to First Continental.

In the latter part of September, 1974, First Continental notified Brennan that Taylor had defaulted on the August and September first lien payments. Taylor was current on all second lien payments to Brennan. Taylor collected rents from tenants for August and September but did not apply them to discharge the delinquency on the first lien. Brennan responded by foreclosing on his second lien and regaining possession of the property. The first lien was not foreclosed. Once in possession, Brennan collected $4,082.64 in rents, but was forced to pay First Continental, the first lienholder, $19,976.32 for the payments due on the first lien.

Brennan sued Taylor for damages for waste of security. He alleged that the various security agreements assigned the rents from the Sagewood Apartments, and the rents were to be used specifically for payment of the first lien and second lien mortgage notes. Consequently, while he was in default, Taylor's failure to apply the rents he collected to discharge the first lien payments constituted waste of security. The trial court filed findings of fact and conclusions of law. One of those conclusions of law reads as follows:

"(3) That the Assignment of Rents (Plaintiff's Exhibit No. 8) *pledged* the rents from the tenants' leases in the Sagewood Apartments *as security* against the debts between defendant Taylor and plaintiff." (Emphasis added).

The trial court awarded Brennan damages of $19,976.32 for waste. In affirming the trial court, the court of civil appeals held that the first assignment of rentals instrument, which Taylor took the property subject to, was an absolute assignment to the first lienholder, which upon default, gave rise to a cause of action for waste of security.

Texas follows the lien theory of mortgages. Under this theory the mortgagee is not the owner of the property and is not entitled to its possession, rentals or profits. Thus, it has become a common practice to include in the deed of trust, or in a separate instrument, terms assigning to the mortgagee the mortgagor's interest in all rents falling due after the date of the mortgage as additional security for payment of the mortgage debt.

■ The Texas cases addressing rentals assigned as security have followed the common law rule that an assignment of rentals does not become operative until the mortgagee obtains possession of the property, or impounds the rents, or secures the appointment of a receiver, or takes some other similar action. *Simon v. State Mutual Life Assur. Co.*, 126 S.W.2d 682 (Tex.Civ.App.—Dallas 1939, writ ref'd); *McGeorge v. Henrie*, 94 S.W.2d 761 (Tex.Civ.App.—Texarkana 1936, no writ). Most jurisdictions are in accord. 59 C.J.S. Mortgages § 316 n. 71 at 411.

On the other hand, an absolute assignment of rentals operates to transfer the right to rentals automatically upon the happening of a specified condition, such as default. *Kinnison v. Guaranty Liquidating Corporation*, 18 Cal.2d 256, 115 P.2d 450, 453 (Cal.1941). The absolute assignment does not create a security interest but instead passes title to the rents. *In Re Ventura—Louise Properties*, 490 F.2d 1141 (9th Cir. 1974).

Courts have been reluctant to construe assignment of rentals clauses to operate as absolute assignments. The public policy embracing the rule was articulated by Justice Augustus Hand in *Prudential Insurance Company of America v. Liberdar Holding Corp.*, 74 F.2d 50 (2d Cir. 1934):

"It seems unlikely that mere words of assignment of future rents can entitle a mortgagee to claim rentals which have been collected by a mortgagor and mingled with its other property. Sound policy as well as every probable intention should prevent a mortgagee from interfering with the mortgagor's possession until the mortgagee takes steps to get the rentals within his control. To hold otherwise would be to impose unworkable restrictions upon industry in cases where mortgagors have been led to suppose that they might rightfully apply the rentals to their own business."

It has also been felt that to construe the clause as an absolute assignment of rents would impose no duty upon the mortgagee to collect rents, and gives the mortgagor no assurance that the mortgagee would collect them and apply them to the debt. Osborne, G., Mortgages (2d ed. 1970) § 150 at 252.

The question before us is whether the assignment of rentals operated as an absolute assignment to Brennan so as to transfer rents automatically upon default, or a pledge to secure a debt which must be activated by some affirmative act by Brennan.

■ The deed, deed of trust, and assignment of rentals were executed contemporaneously on January 11, 1974, and therefore the intent of the parties is to be ascertained by construing those instruments together. *Mazzola v. Lucia*, 109 S.W.2d 273 (Tex.Civ.App.—Beaumont 1937, writ ref'd); *Stubblefield v. Cooper*, 37 S.W.2d 818 (Tex.Civ.App.—Amarillo 1930, writ dism'd w.o.j.). Accordingly, we must determine from a reading of the documents whether the parties intended the assignment of rentals to be absolute or merely a pledge. When an assignment of rentals is given as "further" or "additional" security, there is a strong indication the parties intended a pledge, *Simon v. State Mutual Life Assur. Co., supra*, while an absolute assignment of rentals is not security, but is a *pro tanto* payment of the obligation. *Malsman v. Brandler*, 230 Cal.App.2d 922, 41 Cal.Rptr. 438 (1964).

The granting clause of the assignment of rentals contains the following language:

"NOW, THEREFORE, in order *further to secure* the payment of the indebtedness of the Borrower to the Lender, . . . the said Borrower does hereby sell, assign, transfer and set over unto the Lender all of the rents, issues and profits of the aforesaid mortgaged premises." (Emphasis added).

Additionally, the assignment permits the lender at its option upon default, to enter upon the premises and collect the rents accrued but unpaid, and those rents thereafter accruing and becoming payable. The deed of trust gives the lender (mortgagee) a similar right of entry and power of collection.

The foregoing language and provisions manifest an intention by the parties to create a pledge of rentals. The assignment of rentals not only states that it is "further" security for the debt, but also contemplates that the mortgagee, upon default, will be required to take some type of affirmative action pursuant to its right of entry. These facts are entirely consistent with a pledge. Our construction of the documents is further reinforced by the conclusion of law filed by the trial court. As a result, Brennan could not recover the rents collected by Taylor before Brennan took any action to foreclose the second lien.

Taylor breached an obligation to Brennan by failing to make the August and September first lien payments. Taylor's obligations to Brennan were defined by the documents attendant to the second lien mortgage. The court of civil appeals, however, construed the assignment of rentals attendant to the first lien mortgage. Since Taylor took the property "subject to" that mortgage, it was improper for the court to determine his rights with respect to Brennan by construing documents to which he was not a party and upon which he had no personal liability. In any event, as the assignment of rentals was given as further and additional security to the first lien mortgagee, it was a mere pledge and not an absolute assignment.

We reverse that part of the judgment of the court of civil appeals which awarded damages against Taylor for waste of security. We affirm the remainder of the judgment of the court of civil appeals.

WALLACE, J., not sitting.