**In re FRY ROAD ASSOCIATES, LTD., Debtor.**

**Bankruptcy No. 1–86–00474.**

United States Bankruptcy Court, W.D. Texas, Austin Division.

Sept. 9, 1986.

Richard Alexander, Austin, Tex., for Fry Road Associates, Ltd.

Irving Sulmeyer, Los Angeles, Cal., for General Elec. Credit Corp.

## MEMORANDUM OPINION

**R. GLEN AYERS,** Bankruptcy Judge.

In this proceeding, the Debtor in Possession seeks to utilize post-petition rentals paid by tenants of a shopping center. The Debtor says that the rents are said to be cash collateral. The holder of a note secured by the first lien under a deed of trust, General Electric Credit Corporation (GECC) objects, claiming that it "owns" the rents.

The jurisdiction of this Court pursuant to 28 U.S.C. § 1334 is clear; this is also quite obviously a "core" proceeding under 28 U.S.C. § 157(b).

The facts of this case are not disputed. Prior to bankruptcy, the Debtor and GECC entered into a permanent loan agreement following the completion of a shopping center. GECC's collateral consisted of a first lien upon the realty, an "absolute" assignment of rents, and an assignment of leases. All collateral liens were perfected. At the time of financing, well prior to bankruptcy, the Debtor instructed, in writing, all tenants to pay rentals directly to GECC.

The shopping center, located in Houston, was eventually forced to seek protection under Chapter 11 of Title 11. Shortly after the filing and with Court approval, the Debtor borrowed over $200,000.00 from GECC to pay ad valorem taxes. The Order approved the transaction reflecting that GECC held an absolute assignment of rents and an assignment of leases. It also stated that GECC was receiving *and would continue to receive the rental income.*

■ Still strapped for operating funds and unable to secure further cash from GECC, the Debtor filed an application to use cash collateral—rents—for operating expenses. GECC objected to the application on several grounds, including equitable estoppel arising from the post-petition lending order and negotiations concerning that transaction. GECC also argued, correctly, that the Court order had given it a "super"

priority claim which had to be paid before assets could be used to satisfy ordinary administrative expenses. *See e.g., General Electric Credit Corp. v. Levin & Weintraub, (In re Flagstaff Foodservice Corp.),* 739 F.2d 73 (2nd Cir.1984). Thus, any cash collateral order allowing use of assets to pay ordinary administrative expenses under § 503(b)(1) would be improper where a claim with a higher priority was outstanding, unless payment of the superior claim was absolutely assured.

In its crucial argument, GECC maintained that the rents are no longer assets of the estate subject to lien but rather assets to which GECC has title. Simply put, GECC argued that the rents are no longer collateral, "cash" or otherwise. GECC is correct.

Under the lien theory of mortgages, a mortgagee is not entitled to "possession, rentals or profits." *Taylor v. Brennan,* 621 S.W.2d 592, 593 (Tex.1981). In Texas, and in similar jurisdictions, rentals must be separately assigned as collateral to the mortgagee. Where there is but a simple assignment or pledge, the creditor may only seize rents after either obtaining "possession of the property, impound[ing] the rents, or secur[ing] the appointment of a receiver, or tak[ing] some other similar action." *Id.* at 594 (citations omitted).

Texas also recognizes an "absolute" assignment of rents. Such an absolute assignment "operates to transfer the right to rentals automatically upon the happening of a specified condition such as default.... The assignment does not create a security interest but instead passes title to the rents...." *Id.* (Citations omitted.)

■ While Texas Courts are reluctant to find an absolute assignment rather than a pledge, *id.,* it is clear in this case that the transfer can only be interpreted as absolute. The actions of debtor can only be interpreted as a surrender of title.[1] *Id.*

---

1. If title was transferred, a portion of the debt of GECC has obviously been discharged or paid *pro tanto. Taylor v. Brennan,* 621 S.W.2d at

594. The amount or extent of discharge, the propriety of the transfer under the Bankruptcy Code, and other troublesome questions are re-

*See also In re Ventura—Louise Properties*, 490 F.2d 1141 (9th Cir.1974).

Therefore, Debtor's application under § 363 is denied, and an order consistent with this opinion shall be entered.

served, since none of these issues are before this Court.