**NCNB TEXAS NATIONAL BANK, Appellant,**

v.

**STERLING PROJECTS, INC., Sterling Capital Center, Ltd., MWJ Corp., and Melvin W. Jackson, Jr., Appellees.**

**No. 05–89–01395–CV.**

Court of Appeals of Texas, Dallas.

April 24, 1990.

Rehearing Denied May 23, 1990.

Toby L. Gerber, Robert D. Barbee, Dallas, for appellant.

Joseph R. Reznicek, Marc S. Culp, Dallas, for appellees.

Before WHITHAM, ROWE and BAKER, JJ.

## OPINION

BAKER, Justice.

NCNB Texas National Bank appeals from the trial court's denial of its request for an injunction to prevent Sterling Projects, Inc., *et al.*, from dissipating rents Sterling collected prior to the institution of this action. NCNB claims that the trial court erred as a matter of law or, alternatively, abused its discretion by refusing to enjoin Sterling from dissipating rents it collected because: (1) NCNB held a valid, activated assignment of rents, and the rents Sterling collected were subject to the assignment; (2) the case law does not bar assertion of NCNB's lien against identifiable rents collected prior to the activation of the assignment; and (3) dissipation of the rents by Sterling would constitute a fraudulent transfer. We disagree and affirm the trial court's judgment.

NCNB is the holder of a series of promissory notes executed by Sterling. These notes are secured, in part, by a deed of trust and an assignment of rents. Sterling defaulted on the note payments. NCNB demanded that Sterling apply previously collected rents toward the unpaid debt. Sterling refused. NCNB filed this action seeking an order enjoining Sterling from dissipating the collected rents. The trial court denied NCNB's requested injunctive relief.

■ In points one and two, NCNB contends that the trial court erred in refusing its requested injunctive relief because it held a valid, activated assignment of the rents and that Texas case law does not bar assertion of its lien against the identifiable rents Sterling collected prior to activation of the assignment.

■ The Texas cases considering assignment of rents clauses have discussed two types: (1) the assignment intended as additional security—that is, a lien; and (2) the absolute assignment—that is, a transfer of title. Under the lien theory, the mortgagee is not the owner of the property and is not entitled to its possession, rents, or profits. *Taylor v. Brennan*, 621 S.W.2d 592, 593 (Tex.1981). As noted in *Taylor*, it is a

common practice to include in the deed of trust, or in a separate instrument, terms assigning to the mortgagee the mortgagor's interest in all rents falling due after the date of the mortgage as additional security for payment of the mortgage debt. *Taylor*, 621 S.W.2d at 593. The Texas cases, when considering the question of rents assigned as security, have followed the common law rule that an assignment of rents does not become operative until the mortgagee takes some affirmative action to enforce the lien, such as taking possession of the property, impounding the rents, securing the appointment of a receiver, or taking some other similar action. *See Simon v. State Mut. Life Assur. Co.*, 126 S.W.2d 682, 686 (Tex.Civ.App.—Dallas 1939, writ ref'd); *McGeorge v. Henrie*, 94 S.W.2d 761, 762–63 (Tex.Civ.App.—Texarkana 1936, no writ).

■ On the other hand, an absolute assignment of rents operates to transfer the right to rents automatically upon the happening of a specified condition, such as default. The absolute assignment does not create a security interest but instead passes title to the rents. An absolute assignment of rents is not security but is a *pro tanto* payment of the obligation. The law favors the assignment of rents as additional security as opposed to the absolute assignment. *See Taylor*, 621 S.W.2d at 594.

NCNB argues that *Taylor* has been misinterpreted and that the nature of its rights depends upon the interpretation of the terms of the agreements between the parties. NCNB frames the issue as "not whether the assignment is 'collateral' or 'absolute,' since NCNB has never asserted that title to the rents (and a *pro tanto* discharge of the debt) occurred during a pre-default collection, but rather whether the express language of the contracts created a right in NCNB, which upon enforcement, extended to the readily identifiable funds of the collateral assigned." During oral argument, NCNB conceded, as stated in its brief, that the agreements did not establish an absolute assignment and that NCNB does not assert title to the rents. However, NCNB does assert that the

agreements are something more than a mere pledge and in essence establish an arrangement between the parties requiring Sterling to use the collected rents for the limited purposes specified by the agreements—that is, to pay its debt. NCNB argues that the two theories established in *Taylor* are not mutually exclusive and that other possibilities exist in which its present assignments fall. Sterling, to the contrary, contends that the rent assignment agreements were intended as additional security and that NCNB's right to such rents must be triggered by affirmative action on its part. *See Taylor*, 621 S.W.2d at 594; *Summers v. Consolidated Capital Special Trust*, 783 S.W.2d 580, 583 (Tex.1989).

■ In our view, the correct interpretation of *Taylor* is that an assignee of rents either takes title to such rents under an absolute assignment or holds only a lien against the rents as additional security. Since NCNB concedes that it does not hold an absolute assignment and that it did not have title to the rents, the trial court did not err in denying the relief requested. A trial court abuses its discretion when it acts without reference to guiding rules and principles. *See Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986). We hold that because it acted with reference to the guiding rules and principles set out in *Taylor* and *Summers*, the trial court did not abuse its discretion. *See Taylor*, 621 S.W.2d at 594; *Summers*, 783 S.W.2d at 583. We overrule NCNB's points of error one and two.

■ In its third point of error, NCNB contends that it was entitled to injunctive relief under the Uniform Fraudulent Transfer Act. *See* TEX.BUS. & COM.CODE ANN., §§ 24.001–.013 (Vernon 1987). However, NCNB has failed to point to the record, nor can we find in the record, where it requested the trial court to grant relief on this theory. By failing to allege and submit this theory to the trial court, NCNB has failed to preserve it for review. *State v. J.M. Huber Corp.*, 145 Tex. 517, 199 S.W.2d 501, 501 (1947); *Security Savings Ass'n v. Clifton*, 755 S.W.2d 925, 932 (Tex. App.—Dallas 1988, no writ); TEX.R.APP.P.

52(a). We overrule NCNB's point of error number three.

We affirm the trial court's judgment.