Opinion issued August 31, 2010



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-08-00646-CV

———————————

Gary
Kimmons and Kathryn Kimmons, Appellant

V.

Susan Hirsch, individually and as executrix of the estate of Jay D.
Hirsch, deceased, Appellee



 



 

On Appeal
from the 157th District Court

Harris County, Texas



Trial Court Case No. 2007-58499

 



 

MEMORANDUM OPINION

This appeal is from the trial court’s summary judgment that
awarded Jay D. and Susan Hirsch the amount owing on a Promissory Note executed
by Gary and Kathryn Kimmons in the amount of $10,000, plus post-judgment
interest, attorney’s fees, and costs.  In
two issues, the Kimmons allege that the trial court erred when it declared as a
matter of law that: (1) the Promissory Note was due and payable when the
Kimmons refinanced their personal residence, and (2) the Kimmons were
responsible for attorney’s fees, despite the fact that the Settlement Agreement
entered into by the parties provided that they would attempt to mediate any
disputes under the agreement before filing suit, and if any party refused to
mediate, then that party would not entitled recover any attorney’s fees or
costs in any litigation brought to construe or enforce the agreement.  We affirm.

Background

In 2003, the Hirsches sued their next-door neighbors, the Kimmons, for
contribution toward repairs of the slab
foundation common to the parties’ respective townhomes.  The parties settled this case pursuant
to a Settlement Agreement by which the Kimmons were to execute a $10,000
promissory note payable to the Hirsches, which was “due on sale, transfer, or
conveyance of Kimmons premises. . . .” 
On March 9, 2004, the Kimmons executed a promissory note, as required by
the Settlement Agreement, in which they agreed to pay the Hirsches the sum of
$10,000.00 “on the date of any event of sale, transfer, or conveyance of
any or all right, title, or interest, in and to” the Kimmons’ personal
residence.  (Emphasis added).

In June
2006, the Kimmons refinanced their mortgage.  In so doing, they executed a Texas Home Equity
Note (Fixed Rate/First Lien) payable to the lender, secured by a lien against
their home.[1]  Learning of this, the Hirsches demanded
payment of the Promissory Note and, disputing that the Promissory Note had
indeed matured, the Kimmons refused to pay.

In September 2007, the Hirsches filed suit to enforce the
Promissory Note.  In their pleadings, the
Kimmons confirmed both that they signed the Promissory Note and that they
refinanced their home.  They denied,
however, that the Promissory Note had matured because the 2004 Settlement
Agreement recited that the note was payable upon the “sale, transfer or conveyance”
of the home and no such sale, transfer or conveyance had occurred.

The Hirsches subsequently filed a motion for traditional
summary judgment asserting that there were no genuine issues of material fact,
and that they were entitled to summary judgment as a matter of law.  The Hirsches relied upon the terms of the
Promissory Note which stipulated that the note matured “on the date of any
event of sale, transfer, or conveyance of any or all right, title, or interest,
in and to” the Kimmons’ home.  Thus, when
the Kimmons conveyed “certain rights” pursuant to refinancing their home loan,
the note became due and owing in its entirety, as a matter of law.  Furthermore, the Kimmons’ default on the
Promissory Note, necessitated that the Hirsches hire an attorney to collect the
amount owed, thus entitling them to reasonable attorney’s fees.[2]

In their response to the Hirsches’ motion for summary
judgment, the Kimmons denied that the refinancing of their home loan had
triggered their obligation to pay the Promissory Note.  According to the Kimmons, the refinancing
merely created an additional lien on their property; it did not result in an
actual transfer of title, and thus, there was no sale, transfer, or conveyance
of the property as required by the Settlement Agreement.  The Kimmons further argued that the Hirsches
were not entitled to attorney’s fees because the Settlement Agreement provided
that the Hirsches would first have to mediate before litigating their claim
under the agreement.  The Kimmons did not
refute the Hirsches’ entitlement to summary judgment based on the Promissory
Note.

The trial
court granted summary judgment for the Hirsches without specifying the grounds
for the judgment, and deferred to an evidentiary hearing the determination of
reasonable and necessary attorney fees.  Final
judgment was rendered in favor of the Hirsches for the $10,000.00 principal
sum, along with post-judgment interest at the statutory rate, and court
costs.  After a hearing, the trial court
also awarded the Hirsches $8,000 in attorney’s fees, as well as conditional
appellate attorney’s fees of $7,500 for the first level court of appeals, and
another $5,000 if appealed to the state supreme court.  

Standard of Review

We review a trial court’s grant of summary judgment de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Summary judgment is proper only when the
movant establishes that there is no genuine issue of material fact and that the
movant is entitled to judgment as a matter of law.  See Tex. R. Civ. P. 166a(c). 
The motion must state the specific ground relied upon for summary
judgment.  Id.  In reviewing summary
judgment, we must indulge every reasonable inference in favor of the nonmovant,
take all evidence favorable to the nonmovant as true and resolve any doubts in
favor of the nonmovant.  Valence, 164 S.W.3d at 661.

Discussion

The Hirsches filed suit to recover under the defaulted
Promissory Note.  In Texas, a promissory
note is a simple contract evincing an obligation to pay money that is governed
by the fundamental rules applicable to contract law.  See
Dorsett v. Cross, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003,
pet. denied).  In construing a contract,
Texas follows the well established principle that contracts pertaining to the
same transaction may be read together to ascertain the parties’ intent, even if
the parties executed the contracts at different times and the contracts do not
expressly refer to each other.  See Fort Worth Indep. School Dist. v. City
of Fort Worth, 22 S.W.3d 831, 840 (Tex. 2000); accord, e.g., In re Palm Harbor Homes, Inc., 129
S.W.3d 636, 643 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding), overruled on other grounds, 195 S.W.3d
672 (Tex. 2006).  If, after the pertinent
rules of construction are applied, the contract can be given a definite or
certain legal meaning, it is unambiguous, and we construe it as a matter of
law.  See J.M. Davidson, Inc. v. Webster, 128
S.W.3d 223, 229 (Tex. 2003); Transcon.
Gas Pipeline Corp. v. Texaco, Inc., 35 S.W.3d 658, 665 (Tex. App.—Houston
[1st Dist.] 2000, pet. denied) (holding that “[i]f the contract is unambiguous,
the court must enforce the contract as written”).  On the other hand, if the agreement between
the parties is subject to two or more reasonable interpretations, after
applying pertinent rules of construction, the contract is ambiguous, creating a
fact issue concerning the intent of the parties.  See J.M. Davidson, 128 S.W.3d at 229.  Deciding whether a contract is ambiguous is a
question of law for the court to determine.  Id.  An ambiguity does not arise simply because
the parties advance conflicting interpretations of the contract.  Forbau
v. Aetna Life Ins. Co., 876 S.W.2d 132, 134 (Tex. 1994).

In the present case, the Hirsches and the Kimmons settled
a prior legal dispute by entering into the following two contracts: (1) the Settlement
Agreement, dated February 18, 2004, and (2) the Promissory Note, dated March 9,
2004, which was expressly provided for under the terms of the Settlement Agreement.  Both of these contracts involve the same
parties and relate to the same transaction; therefore, we will read their provisions
together in ascertaining the parties’ intent. 
See Fort Worth Indep. School Dist.,
22 S.W.3d at 840; Courage Co., L.L.C. v. Chemshare Corp., 93 S.W.3d 323,
333 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  Because the second document does not specify
whether and to what extent it is intended to operate in discharge or
substitution of the first document, we shall interpret the two documents
together, and in the event of any inconsistency between the two documents, the
provisions of the Promissory Note, being the later of the two, will prevail.  See In re Palm Harbor Homes, 129 S.W.3d
at 643; Courage Co., 93 S.W.3d at 333.

In their first issue, the Kimmons contend that the trial
court erred in concluding that the Promissory Note was due and payable when they
refinanced their personal residence. 
Although the Settlement Agreement and the Promissory Note contain
differing language identifying when the note becomes due and payable, these
provisions are reconcilable.  Whereas the
Settlement Agreement contains a general provision stating that the note will be
due upon the “sale, transfer, or conveyance of Kimmons premises. . . .”, the
Promissory Note further specifies that the note matures “on the date of any event of sale, transfer, or
conveyance of any or all right,
title, or interest, in and to” the Kimmons’ personal residence.  Accordingly, the Promissory Note’s more
specific provision is the applicable provision. 
See Forbau, 876 S.W.2d at 133–34
(stating that more specific
contract provision must be read as controlling, when applicable, over more
general provision).[3]  

The Kimmons admit that they executed both the Promissory
Note and a deed of trust conveying their home to a trustee to hold as security
for the payment of their debt when they refinanced their home in 2006.  The only question before this Court, then, is
whether the Kimmons’ execution of the deed of trust is to be considered a
transfer or conveyance of any “interest, title, or right” as stated in the
Promissory Note.  

As the Kimmons have correctly pointed out, Texas follows
the “lien theory” of mortgages.  See Taylor v. Brennan, 621 S.W.2d
592, 593 (Tex. 1981).  Under this lien
theory, the deed of trust creates only a lien on the mortgaged property and
does not operate as a transfer of legal title. 
See id.  Although the Kimmons retained legal title to
the property when they executed the deed of trust, they nonetheless conveyed an
interest in the property which was secured by deeding the property to a
trustee, who received it “in trust, with power of sale.”  Thus, under the plain language of the
Promissory Note, is it apparent that the Kimmons conveyed an interest, in the
form of a secured lien, in and to their personal residence when they executed
the deed of trust.  For these reasons,
the Promissory Note matured upon the refinancing of the Kimmons’ personal
residence, and the $10,000 became due and payable.  We overrule the Kimmons’ first issue.

In their second issue, the Kimmons contend that the
Hirsches are not entitled to attorney’s fees and costs because the mediation
requirement of the Settlement Agreement was never invoked.[4]  Paragraph seven of the Settlement Agreement
provides:  

If one or more disputes
arise with regard to the interpretation and/or performance of this agreement or
any of its provisions, the parties agree to attempt to resolve same by phone
conference with the mediator who facilitated this settlement.  

. . .

 [if] a party refuses to mediate, then that
party may not recover attorney’s fees or costs in any litigation brought to
construe or enforce this agreement.  

The Hirsches contend that this
provision is inapplicable because their suit was not brought to “enforce or
construe” the Settlement Agreement, but rather to seek liquidated damages
arising from the Kimmons’ breach of their obligation to pay the full amount due
and owing under the Promissory Note. 

Regardless of whether the underlying suit was brought to
“enforce or construe” the contract between the parties, the Settlement
Agreement clearly states that the prohibition against awarding attorney’s fees
only applies if that party refuses to mediate.  Although the record does not reflect that the
Hirsches ever attempted to mediate this matter prior to filing the underling
litigation, there is nothing in the record to indicate that they ever refused to do so either.  Accordingly, the prohibition against
attorney’s fees is inapplicable and the trial court ruled correctly in awarding
attorney’s fees in favor of the Hirsches. 
We overrule the Kimmons’ second issue.

CONCLUSION

We affirm the judgment of the trial court.

 

                                                          Jim
Sharp

                                                          Justice

 

Panel consists of Chief Justice Radack and Justices
Bland and Sharp.

 











[1]
          Texas Home Equity Note states:
“This is an extension of credit…[and in] return for the Extension of Credit
that I have received evidenced by this Note, I promise to pay U.S. $
385,376.45…plus interest, to the Lender.” 






[2]
          See Tex. Civ. Prac. &
Rem. Code Ann. § 38.001 (Vernon 2008).  The Promissory Note also entitles the
Hirsches to attorney’s fees and costs.  Under
the terms of the Promissory Note, the parties agreed that “[i]n the event this
note shall be in default, and placed with an attorney for collection, then the
[Kimmons agree] to pay all reasonable attorney fees and costs of collection.”

 





[3]
          Even
if we were to conclude that the provisions irreconcilably conflicted, the
Promissory Note’s provision would prevail because the note was executed after
the Settlement Agreement.  See In re Palm Harbor Homes, 129 S.W.3d
636, 643 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding), overruled on other grounds, 195 S.W.3d
672 (Tex. 2006); Courage Co., L.L.C. v. Chemshare Corp., 93 S.W.3d 323,
333 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  





[4]
          The Promissory Note contains the
following provision regarding attorney’s fees: “In the event this note shall be
in default, and placed with an attorney for collection, then the [Kimmons
agree] to pay all reasonable attorney fees and costs of collection.”